THE ADVANCE DEVELOPMENT CORPORATION, RELATOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., RESPONDENTS.

Submitted October 14, 1927—Decided February 25, 1928.

Before Justices Trenchard, Kalisch and Katzenbach.

For the relator, *Gross & Gross.*

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein.*

PER CURIAM.

This case is presented to us on a rule to show cause why a writ of *mandamus* should not issue commanding the municipal corporation, the mayor and aldermen of Jersey City, its board of commissioners, and its superintendent of buildings, to issue to the relator, the Advance Development Corporation, a corporation, a building permit for the erection of a five-story apartment house at the southeast corner of West Side avenue and Bentley avenue, in the city of Jersey City. The relator is the owner of the land upon which the proposed building is desired to be erected. The lot fronts fifty feet on Bentley avenue and one hundred and seventeen feet on West Side avenue. There is no ordinance of the city of Jersey City, either by way of a zoning ordinance or otherwise, which prohibits the erection of the proposed building. The case, therefore, is not a zoning case.

The plans for the proposed building were prepared by a duly licensed architect. They were drafted in accordance with the requirements of the building code of Jersey City. The architect applied on August 9th, 1927, to the superintendent of buildings for a building permit for the relator and submitted the plans and specifications. The architect was instructed by the superintendent of buildings to make the application to the board of commissioners. The reason for such an instruction does not clearly appear. The board of commissioners deferred the hearing of the application until September 13th, 1927. On September 12th, 1927, the plans and specifications previously submitted to the superintendent of buildings were filed. On September 13th, 1927, a number of persons appeared before the board of commissioners and objected to the granting of the building permit on the ground that they did not desire to have an apartment house erected on the block, as the block was now occupied by residences.

This was the only reason advanced. The apartment house was strictly residential in character. It was to be set back five feet from the building line. After hearing the objectors the board deferred action in the matter in the hope that the proposed zoning amendment to the constitution would be adopted at the special election on September 20th, 1927. There was no question as to the violation of, any zoning restriction raised by the application.

No decision was arrived at by the board. Application for the present rule was then made. The relator insists that the refusal of the respondents to act upon his application is tantamount to a denial of it. We think this position well taken. The case of *Cleveland* v. *Board of Finance of Jersey City,* 38 *N. J. L.* 259, supports the relator's contention. The respondents claim that the application has never been acted upon and until action has been had *mandamus* proceedings are premature. This argument is answered by the case of *Cleveland* v. *Board of Finance, &c., supra,* in which it was held that there need not be a positive refusal on the part of public officers or municipal bodies to perform a duty enjoined upon them to authorize the interposition of the court by *mandamus.* It is sufficient if there is unreasonable delay and a manifest intention not to perform it. We think the intention not to act is clearly proven. The delay for this reason seems to us unreasonable.

The respondents urge in the second place that in view of the passage of the zoning amendments to the constitution opportunity should be given to the legislature to enforce the will of the people. This argument presumably means that no action should be taken upon the relator's application until the legislature has passed further statutes on the subject of zoning. The status of the relator is, we think, fixed at the time it made its application for the building permit. We see no reason why the inaction of the superintendent of buildings should be sanctioned until legislation is enacted and ordinances passed which would per chance act retroactively and adversely upon the use to which the relator is now entitled to put its property. Some consideration should be shown the

owner who desires to change an unimproved property into an improved property which will yield an income to the owner and increase by taxation the city's revenues. Taxes on the property are not suspended during an application of this nature. Interest on liens, if any, is running. Often by delay, which is unjustified, and litigation, which is unnecessarily prolonged, an owner may suffer severe financal loss.

A refusal to perform a clear duty cannot be justified because owners of adjacent properties may object to the erection in the locality of a building which does not conform to their ideas.

We see nothing in the record presented to us which warrants the refusal to grant the building permit applied for. A peremptory writ of *mandamus* is allowed. If the respondents desire to appeal this decision consent to the moulding of the pleadings is given.