33 N.J. Super. 324 (1954)
110 A.2d 148
ESSO STANDARD OIL COMPANY, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF-APPELLANT,
v.
THE TOWN OF WESTFIELD, IN THE COUNTY OF UNION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 22, 1954.
Decided December 17, 1954.
*327 Before Judges GOLDMANN, FREUND and SCHETTINO.
Mr. Robert F. Darby argued the cause for plaintiff-appellant (Messrs. Darby & McDonough, attorneys).
Mr. Robert S. Snevily argued the cause for defendant-respondent.
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
This controversy presents for determination the propriety of defendant-municipality's refusal to rezone a certain area. Plaintiff owns vacant land on the northwest corner of East Broad Street and Springfield Avenue on the outskirts of the Town of Westfield in a rather open area. Under the local zoning ordinance the property is located in a Residence "A" zone. Plaintiff's request that the property be transferred to a business zone was referred to the planning board, which body recommended to the town council that the application be not granted. Thereafter the town council denied the transfer, and plaintiff filed its complaint in lieu of prerogative writ to review the refusal to rezone. The trial court affirmed the action of defendant, entered judgment in defendant's favor and the appeal is taken from the judgment.
The evidence submitted below revealed that properties in the vicinity of plaintiff's (and located in the Residence "A" *328 zone) are being used for business and non-conforming uses, but these are either on the opposite side of Springfield Avenue from the premises in question or the opposite side of East Broad Street from same. It was further established that there is no business use on the northwest side of East Broad Street from Springfield Avenue in a southerly direction for a mile and a quarter. On the southeast side of East Broad Street, aside from the gas station on the corner and the body shop in the rear of the adjacent property, there is no business in a southerly direction for a mile and a quarter, except for Fairview Cemetery area which is not a commercial use.
The uses in the area aside from the gas station are specialized shopping stands for sale of items usually sold at roadside stands in rural areas. A veterinarian's establishment on the opposite side of Springfield Avenue and approximately one-half mile from the premises in question was constructed under a local variance. The Echo Lake Construction Company uses its premises for storing road equipment and, it is alleged, the use is an illegal one.
On the southwest side of Springfield Avenue and running northwesterly and northerly from the premises in question there is no business until after one passes the town line. This area has a few one-family dwellings and vacant land available for such dwellings until Echo Lake Country Club and Union County Park are reached. The entire area surrounding the premises in question, and on both sides of Springfield Avenue to the Borough of Mountainside and the Township of Springfield on the north and to the Township of Cranford on the southwest, is in a one-family Class "A" residential zone. It is contended that the area has changed and outstripped the zoning ordinance. It is argued that the area is now commercialized to such an extent that it is unreasonable for it to be zoned as residential.
The trial court viewed the property in question and its surroundings. It noted "a pattern of gradual emergence of the Springfield Avenue area from residence to business character by dint of excepted uses," and the proximity of *329 residential areas which should be safeguarded from a drastic encroachment of a commercial zone of substantial area. Appellant relies heavily on the quoted language of the trial court. Plaintiff here did not apply to the board of adjustment for a variance as provided for in N.J.S.A. 40:55-39, but argues the regulation here is so unreasonable as to dispense with the necessity of such an application, and that it is entitled to the broader relief of rezoning.
We come to the dispositive considerations. It is our opinion that plaintiff should have applied to the board of adjustment for a variance, and not to the governing body for a change of zone. The board of adjustment is the quasi-judicial body created by statute for just such purpose. N.J.S.A. 40:55-32. It might in its sound discretion recommend a possible use which would not conflict with other variances in the vicinity and not be detrimental to the rest of the residence zone. True, such variance could not later be enlarged or changed without further application to the board, but its refusal to grant an extension or change would have to be on reasonable grounds. For the governing body to change the zone for this one parcel would, of course, allow any legitimate business to operate there. Such business might not be in conformity with the general neighborhood and might be detrimental to the rest of the zone. Conlon v. Board of Public Works of City of Paterson, 11 N.J. 363, 366 (1953). See also Collins v. Board of Adjustment of Margate City, 3 N.J. 200 (1949), in which the proper course was followed by an appeal to the board of adjustment for a variance, and not by seeking a change of zone.
Westfield is by reputation a residential community of the first order, and plaintiff's witness so testified. Its zoning ordinance is part of its comprehensive plan to preserve the character of the community. The existence of a planning board bespeaks the same purpose. Plaintiff should have gone to the board of adjustment. Borough of Cresskill v. Borough of Dumont, 15 N.J. 238, 249-250 (1954).
Within the limitations of N.J.S.A. 40:55-30 et seq. the governing body of a municipality may amend its zoning *330 regulations when it deems conditions warrant such a change. Taylor v. City of Hackensack, 137 N.J.L. 139 (Sup. Ct. 1948). The failure or refusal to make such a change where the general character of the neighborhood and the surrounding circumstances warrant such may constitute an arbitrary, unreasonable and capricious exercise of power. Phillips v. Township Council of Teaneck, 120 N.J.L. 45 (Sup. Ct. 1938), affirmed on opinion 122 N.J.L. 485 (E. & A. 1939), 62 C.J.S., Municipal Corporations, § 226 (12) (a), p. 466.
While there may be a duty on the part of the governing body to rezone under certain circumstances, rezoning, as well as original zoning, is subject to the legislative discretion of the city council. The scope of judicial review is limited. It is not for the courts to substitute their judgment for that of the municipal fathers. The "judicial function is the correction of arbitrary and unreasonable action and abuse of power." Salisbury v. Borough of Ridgefield, 137 N.J.L. 515, 518 (Sup. Ct. 1948); 8 McQuillin, Municipal Corporations (3rd ed.) sec. 25.278, p. 525.
Zoning cannot be static. It must look to the future and recognize changing conditions. The power to rezone is statutorily expressed in the state in N.J.S.A. 40:55-35, but "whether there has been such a substantial change in conditions in a use district as to warrant the enactment of an amendatory zoning ordinance is primarily a question for the Council to determine, and its action, in reference thereto, will not be reviewed by the courts if the question is fairly debatable." Page v. City of Portland, 178 Or. 632, 165 P.2d 280, 283 (Sup. Ct. 1946); Zahn v. Board of Public Works, 274 U.S. 325, 47 S.Ct. 594, 71 L.Ed. 1074 (1927); Metzenbaum on Law of Zoning (1930 ed.), p. 69.
True, there may here be a pattern of gradual emergence from residence to business, but whether the emergence is such as to warrant an amendatory ordinance rezoning the area is a legislative question. The uses which the municipality have allowed by way of variances, and the present nature of the locality, are not such that this area could not, within the wide discretion of the town council, still be considered *331 appropriately classified as a residential district. Where it is claimed that a change in conditions has rendered application of the ordinance unreasonable, it is incumbent on the plaintiff to produce sufficient evidence from which the court can make such findings as to the physical facts involved as will justify it in concluding, as a matter of law, that the ordinance is unreasonable and invalid. It is not sufficient for plaintiff to show that it will be more profitable to plaintiff to make other use of its property, Tzeses v. Board of Trustees of Village of South Orange, 22 N.J. Super. 45, 62 (App. Div. 1953), or that such other use will not cause injury to the public, but plaintiff must show an abuse of discretion on the part of the zoning authorities and that there has been an unreasonable and unwarranted exercise of the police power. 8 McQuillin, Municipal Corporations, sec. 25.296, p. 565. The appellant here has not successfully carried the burden of proof. The presumption of the reasonableness, validity and constitutionality of statutes applies equally to zoning ordinances, Salisbury v. Borough of Ridgefield, 137 N.J.L. 515, 518 (Sup. Ct. 1948), and that presumption obtains unless there is a showing that the ordinance is arbitrary, unreasonable or capricious. Jones v. Zoning Board of Adjustment, Long Beach Township, 32 N.J. Super. 397, 405 (App. Div. 1954).
Further, the requested change of zone would constitute spot zoning  a singling out of one lot or a small parcel of land for a use different from that accorded to similar surrounding land indistinguishable from it in character, and this for the benefit of the plaintiff lot owner and to the detriment of the other landowners in the neighborhood. Jones v. Zoning Board of Adjustment, Long Beach Township, supra, 32 N.J. Super, at page 404. The test of spot zoning is laid down in Borough of Cresskill v. Borough of Dumont, 15 N.J. 238, 249 (1954), wherein Chief Justice Vanderbilt for the Supreme Court of New Jersey said:
"The test is whether the zoning change in question is made with the purpose or effect of establishing or furthering a comprehensive zoning scheme calculated to achieve the statutory objectives or whether *332 it is `designed merely to relieve the lot of the burden of the restriction of the general regulation by reason of conditions alleged to cause such regulation to bear with particular harshness upon it?' * * * If it is in the latter category, the ordinance is invalid since it is not `"in accordance with a comprehensive plan"' and in effect is `"a special exception or variance from the restrictive residential regulation, thereby circumventing the board of adjustment * * *."'"
If the change requested here were to be granted, there would be created a commercial island for the economic benefit of the owner, and this would not be in furtherance of a comprehensive zoning scheme calculated to achieve the statutory objectives. The tenor of the neighborhood cannot be disturbed by wrenching a small lot from its surroundings and giving it a new rating not germane to an object within the police power. Linden Methodist Episcopal Church v. City of Linden, 113 N.J.L. 188, 191 (Sup. Ct. 1934).
The Town of Westfield is essentially a residential community and there appears the intention to maintain its residential character. It is reasonable to assume that the planning board, familiar with the locality and the property, gave the matter careful attention. The town council, in approving the board's recommendation, did so with knowledge of the location and existing variances, and presumably took its action after due consideration of the entire problem. We fail to find here any evidence that the refusal to rezone was arbitrary, capricious, or unreasonable.
The judgment below is affirmed.