45 N.J. Super. 375 (1957)
132 A.2d 810
M. THOMAS FINN AND EVA O. FINN, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF WAYNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1957.
Decided June 17, 1957.
*377 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Milford Salny argued the cause for the appellants (Mr. Alan D. Rubenstein, on the brief).
Mr. William F. Johnson argued the cause for the respondents.
The opinion of the court was delivered by FRANCIS, J.A.D.
The complaint in this case in lieu of mandamus sought to compel the Township of Wayne and the members of the township committee, its governing body, to take action on plaintiffs' request to amend the existing zoning ordinance by extending the industrial district so as to include their property which is now in the residence B district. On motion, a judgment of dismissal was entered because no claim had been stated upon which relief could be granted. By this appeal, review of the dismissal is sought as well as of the propriety of the trial court's denial of leave to amend the complaint to challenge the validity of the ordinance.
Plaintiffs M. Thomas Finn and Eva O. Finn, his wife, are the owners of a tract of land in the township consisting *378 of approximately 19 acres. By virtue of the zoning ordinance adopted in 1949 the premises, or the larger part thereof, are in the residence B zone. Plaintiffs claim (according to the pretrial conference memorandum) that a portion thereof is in the industrial district; this is denied by defendants. Since enactment of the ordinance lands immediately adjacent to plaintiffs' and originally in the same zone have been rezoned into the industrial district. The last amendment to accomplish such change, prior to July 5, 1956, the date of institution of this suit, was on February 7, 1956. Plaintiffs allege in the complaint that their tract is surrounded by land which is presently in the industrial zone, except for an area to the south which has been, or is under contract to be, acquired by a manufacturing company for use as a factory site. And they further allege (in their affidavit on the motion) with respect to the latter tract that they "anticipate" the making of an application for its allocation to the industrial zone "upon the determination of this controversy."
The complaint shows also, and the fact is admitted, that on March 17, 1956, 39 days after the last amendment of the ordinance, plaintiffs asked the township committee for a further amendment to place their property in the industrial rather than the residence B zone. The matter was referred to the planning board by the committee "for approval, disapproval or suggestions," N.J.S.A. 40:55-35, and subsequently that board recommended approval of the request. Thereupon, on May 1, 1956, the committee directed the municipal attorney to prepare the amendment and it was done. However, no action was taken thereafter either adopting or rejecting the amended ordinance and on July 5 the mandamus suit was filed to compel such a decision by the committee. Although the reason for the dismissal of the complaint does not appear beyond the general statement already referred to which is set forth in the judgment, we assume from the arguments in the briefs that the court denied its authority to direct the performance of the purely legislative act demanded by the plaintiffs.
*379 A municipality is a political subdivision of the State, owing its existence and the extent of its authority to the will of the Legislature. When functioning within the orbit of the statutorily delegated power generally its actions are legislative in character; and the decision to act by ordinance or otherwise in the area of local government is generally one of discretion, unless a particular performance is imposed as an imperative by the enabling statute. Thus, although the authority exists to adopt a zoning ordinance, the determination to do so or to refrain therefrom rests in the discretion of the governing body. Courts have no general supervisory power over the exercise of that discretion. The legislative branch of the government and its subdivisions acting within their constitutional and statutory sphere are just as independent of us as we are of them. Even if it could be said that a certain ordinance would be very much in the public interest and welfare, the courts will not issue their mandate to compel the legislative body to enact it; nor do we have the power to avoid the effects of inaction in that domain, as distinguished from the situation where there is an express or implied duty to act, cf. Advance Development Corp. v. Mayor, etc., Jersey City, 6 N.J. Misc. 238 (Sup. Ct.), appeal dismissed 105 N.J.L. 234 (E. & A. 1928); Cleveland v. Board of Finance and Taxation, 38 N.J.L. 259 (Sup. Ct. 1876); State ex rel. Del Monte v. Woodmansee, 72 N.E.2d 789 (Ohio Ct. App. 1946, not officially reported). We cannot enter the committee room and interfere with or substitute our judgment for that of the governing body. Cf. State ex rel. Kittell v. Bigelow, 138 Ohio St. 497, 37 N.E.2d 41 (Sup. Ct. 1941); City of Wapakoneta v. Helpling, 135 Ohio St. 98, 19 N.E.2d 772 (Sup. Ct. 1939); 34 Am. Jur., Mandamus, § 128; Annotation, 153 A.L.R. 522 (1944). The remedy in such case must be with the electorate. Responsibility to a constituency and a sense of public duty are the only incentives which can prompt discretion in any legislative action. St. Joseph Bd. of Public Schools v. Patten, 62 Mo. 444 (Sup. Ct. 1876).
*380 Of course, if a statute imposes a command to act or the performance of a positive duty on a local governing body, the matter is then ministerial and not discretionary. And mandamus is available to compel obedience. Marbury v. Madison, 1 Cranch 137, 170, 5 U.S. 137, 170, 2 L.Ed. 60, 71 (1803); Garrou v. Teaneck Tryon Co., 11 N.J. 294, 302 (1953); Switz v. Middletown Twp., 40 N.J. Super. 217, 230 (App. Div. 1956), modified 23 N.J. 580 (1957). But no imperative duty exists in the present case. The Legislature granted authority to enact zoning ordinances and to amend them; it did not impose a fiat to do so. The courts cannot metamorphose the grant into a duty. We do not consider that the dictum set out in Esso Standard Oil Co. v. Town of Westfield, 33 N.J. Super. 324, 330 (App. Div. 1954), calls for a different view. Plaintiffs argue that the inaction of the committee leaves them without remedy in the wake of discriminatory action against their property. But the variance procedure, N.J.S.A. 40:55-39, is open to them, for example, if they can qualify under it. In such a proceeding we assume that if the industrial zone has been so enlarged by amendments as to change the character of the neighborhood where their tract is located, such fact would receive just consideration. Cf. Esso Standard Oil Co. v. Town of Westfield, supra, 33 N.J. Super., at page 329.
Finally, plaintiffs assail the refusal of the trial court to permit an amendment of their complaint. The record reveals that the motion to dismiss the complaint was argued and apparently granted on November 16, 1956, but the judgment was not signed until November 30. On the latter day, plaintiffs argued their motion to amend the complaint in order to challenge the validity of the ordinance as altered by the amendment of February 7, 1956, because of alleged discrimination resulting from that amendment. The motion was denied and the order signed on December 3, three days after the judgment. In our opinion, the action of the trial court was not an abuse of discretion. The purpose of the amended complaint was to introduce into the case *381 a new cause of action, nine months after the amendatory ordinance was adopted.
The judgment is affirmed.