53 N.J. Super. 494 (1959)
147 A.2d 824
JOHN D. CASE AND ELEANOR H. CASE, HIS WIFE, ET ALS., PLAINTIFFS,
v.
DANIEL C. McGUIRE, INC., A CORPORATION OF MICHIGAN DOING BUSINESS IN NEW JERSEY; DANIEL C. McGUIRE; AND THE BOARD OF EDUCATION OF THE NORTH HUNTERDON REGIONAL HIGH SCHOOL DISTRICT, A BODY CORPORATE UNDER TITLE 18 OF THE REVISED STATUTES OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 14, 1959.
*496 Mr. Edwin K. Large, Jr., attorney for plaintiffs.
Mr. Wesley L. Lance, attorney for defendant, The Board of Education of the North Hunterdon Regional High School District.
KINGFIELD, J.S.C.
In the first count of this action, the plaintiffs, 60 in number, demand judgment against two of the defendants, Daniel C. McGuire, Inc. and Daniel C. McGuire, enjoining and restraining them from constructing and operating a sports car center and race track. In the second count the plaintiffs instituted a proceeding in lieu of prerogative writs against the third defendant, the Board of Education of the North Hunterdon Regional High School District, hereinafter designated as the board of education, *497 and sought to compel the board of education to join plaintiffs in their action for an injunction, or to bring an injunctive proceeding of its own against the other two defendants.
The board of education has filed a motion to dismiss the action brought against it on the ground that the complaint fails to state a claim against it upon which relief can be granted. The parties have agreed that the matter be submitted for determination on briefs.
The sports car center and race track will be constructed upon a tract of land adjoining land on which the board of education is operating a regional high school. The plaintiffs have alleged that the operation of the track will constitute a nuisance and will in general distract the students and teachers and make education much more difficult. The plaintiffs addressed to the board of education a letter which was read at a meeting of the board of education requesting it to join the plaintiffs in their injunction action or to bring such an action of its own. At a meeting held on November 18, 1958, the board of education passed a resolution placing itself "on record as being opposed to the establishment of a race track across Regional Road from the high school." The board of education took no further action in the matter, and has not joined in the complaint; nor has it taken any action to bring an injunctive proceeding of its own.
The plaintiffs state that the board of education is charged with the operation of the school, and having found that the race track would be detrimental to this operation, it was under a ministerial duty to take action against the construction of the said race track; by passing the resolution opposing the construction of the race track the board of education has fulfilled its discretionary authority in the matter and there only remains to be done the ministerial act to institute the injunctive proceeding.
The board of education contends that it cannot be compelled through a proceeding in lieu of prerogative writ to perform a discretionary act; that it should not be deprived *498 of its power to exercise its discretion as to the time and conditions under which it should file a legal proceeding in the matter.
It is said that an official duty is "ministerial" when it is absolutely certain and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion. Official action is ministerial when it is the result of performing a certain and specific duty arising from fixed and designated facts. A ministerial act is one which public officials are required to perform upon a given state of facts in a prescribed manner, in obedience to the mandate of legal authority and without regard to their own judgment or opinion concerning the propriety or impropriety of the act to be performed. State v. Winne, 21 N.J. Super. 180, 199 (Law Div. 1952).
Discretion means power or right conferred upon the public officials by law of acting officially under certain circumstances according to the dictates of their own judgment and conscience, and not controlled by the judgment or conscience of others. Switz v. Middletown Twp., 40 N.J. Super. 217, 230 (App. Div. 1956).
A prerogative writ in the nature of mandamus is available only where there is a clear and definite right to the performance of a ministerial duty in essence mandatory and final and wholly free of the element of discretion, or to direct without controlling the exercise of a discretionary authority. Gallena v. Scott, 11 N.J. 231, 238 (1953). Unless the particular duty be peremptory, the fair exercise of judgment and discretion is the province of the functioning authority. Mandamus issues to compel the performance, in a specified manner, of ministerial duties so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of their performance, but as to all acts or duties depending upon a jurisdiction to decide questions of law or to ascertain matters of fact, on the part of the officer or body at whose hands their performance *499 is required, mandamus will not lie. Switz v. Middletown Twp., 23 N.J. 580, 588 (1957).
To apply the law to the motion in question, it is apparent that the second count of the complaint, as a matter of law, has failed to state a cause of action upon which relief may be granted. It is true that the board of education passed a resolution opposing the construction of the race track. However, the resolution stopped at that point, and the board of education did not act upon the question as to whether or not it should institute a suit of its own or join in the suit instituted by the plaintiffs. This further determination by the board of education involves a discretionary act on its part and does not constitute a purely ministerial act as the plaintiff contends. It is quite apparent that the court cannot substitute its opinion in the matter and force the defendant board of education to institute a suit or join in the present suit if it has not decided to do so. A decision by the board of education to institute a suit or join in the plaintiffs' suit is a discretionary or permissive legal duty as distinguished from one which is specific, imperative and ministerial. It is one to be exercised according to the dictates of the judgment and conscience of the board members.
In view of the foregoing, there must therefore be a judgment of dismissal as to the second count of the complaint. An order may be presented in accordance with this decision.