120 N.J. Super. 583 (1972)
295 A.2d 390
JAN EDELSTEIN, ON HER OWN BEHALF AS A REGISTERED VOTER AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, NAMELY REGISTERED VOTERS WHO WISH TO ENGAGE IN VOLUNTEER REGISTRATION EFFORTS IN CONJUNCTION WITH THE FORTH-COMING PRESIDENTIAL ELECTION, PLAINTIFF,
v.
ROBERT N. FERRELL, SUPERINTENDENT OF ELECTIONS AND COMMISSIONER OF REGISTRATION FOR THE COUNTY OF MONMOUTH IN THE STATE OF NEW JERSEY; THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MONMOUTH, STATE OF NEW JERSEY; WILLIAM CAHILL, GOVERNOR OF THE STATE OF NEW JERSEY AND PAUL J. SHERWIN, SECRETARY OF STATE OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued September 15, 1972.
Decided September 19, 1972.
*586 Mr. Benjamin Edelstein argued the cause for plaintiff (Messrs. Edelstein & Edelstein, Attorneys).
Mr. G. Robert Wills, Deputy Attorney General, argued the cause for defendants, Robert N. Ferrell, Superintendent of Elections and Commissioner of Registration for the County of Monmouth, William Cahill, Governor of the State of New Jersey and Paul J. Sherwin, Secretary of State of the State of New Jersey (Mr. George F. Kugler, Jr., Attorney General of the State of New Jersey, Attorney).
Mrs. Julia L. Ashbey argued the cause for defendant, The Board of Chosen Freeholders of the County of Monmouth (Messrs. Pillsbury, Barnacle, Russell & Carton, Attorneys).
LANE, J.S.C.
Upon the filing of the complaint on September 8, 1972, the court made a determination that the matter was emergent and ordered defendants to show cause on September 15, 1972 why an order should not be issued:
(a) Directing the defendant Robert N. Ferrell to conduct registration until October 10, 1972 and to adequately publicize the extended dates for registration;
(b) Directing the defendant to permit the plaintiff and other qualified volunteers to act as volunteer registrars, without pay, at high schools, colleges, business areas and other suitable places in the County of Monmouth;
(c) Such other relief as the Court may deem just and equitable.
*587 The matter proceeded on September 15 based upon affidavits submitted on behalf of plaintiff and affidavits submitted on behalf of defendants. In effect, the matter was heard as a summary action. R. 4:67. No suggestion was made at the hearing that either party desired to offer oral testimony.
Plaintiff alleges that she is a registered voter residing in the City of Asbury Park, County of Monmouth, and that she is actively engaged in connection with a voter registration drive in Monmouth County. She purports to bring the action on her own behalf and "on behalf of others similarly situated, and on behalf of qualified unregistered voters."
Defendant Ferrell is the Superintendent of Elections and the Commissioner of Registration for Monmouth County having been appointed April 7, 1971. Defendant The Board of Chosen Freeholders is alleged to be obligated to provide the funds for the expense of elections. Defendant Cahill is the Governor of the State of New Jersey and is charged with being "generally responsible for executing the laws of the State of New Jersey." Defendant Sherwin is the Secretary of State and is charged with the obligation of "enforcing the election laws of the State of New Jersey."
On July 18, 1972 plaintiff wrote to Ferrell a short note stating in part:
In keeping with the President's call for a non-partisan voter registration drive why not name all high schools and colleges in Monmouth County as places of voter registration and send qualified registrars to them at designated times convenient to the students and schools during the month of September.
She alleges that her "request" was denied by Ferrell who stated that there would be three regional registration drives within the county during the month of September. These drives are to be conducted by the League of Women Voters at the Monmouth Shopping Center on September 9, 1972, the Manasquan Circle Plaza on September 16, 1972 and the Manalapan Mall on September 23, 1972.
*588 Plaintiff alleges that the action of Ferrell "is arbitrary, capricious, and is an unconstitutional limitation upon plaintiff's attempt to increase participation in the electoral process, in violation of the First, Fourteenth, Fifteenth, and Twenty-Sixth Amendments to the United States Constitution, and will effectively deny the right of thousands of voters to participate in the coming election."
Plaintiff further claims that Ferrell has caused an advertisement to be placed in the newspapers stating that the deadline for registration is September 28, 1972, which action is alleged to be in violation of the Voting Rights Act Amendments of 1970 (42 U.S.C., par. 1973aa-1 (d)). That section provides:
For the purposes of this section, each State shall provide by law for the registration or other means of qualification of all duly qualified residents of such State who apply, not later than thirty days immediately prior to any presidential election, for registration or qualification to vote for the choice of electors for President and Vice President or for President and Vice President in such election; and each State shall provide by law for the casting of absentee ballots for the choice of electors for President and Vice President, or for President and Vice President, by all duly qualified residents of such State who may be absent from their election district or unit in such State on the day such election is held and who have applied therefor not later than seven days immediately prior to such election and have returned such ballots to the appropriate election official of such State not later than the time of closing of the polls in such State on the day of such election.
The complaint is supported by an affidavit of plaintiff which states in part:
It is an accepted fact that there are many first voters in the high schools and the colleges in Monmouth County who have not as yet registered and will not register unless the registration facility is brought to them at their schools. The same is true of the black and Spanish speaking communities who are reluctant to go cross town to City Hall to register. If the registration facility were brought to them in their areas greater of their numbers would be brought into the electoral process.
*589 In addition to plaintiff's affidavit there was submitted to the court an affidavit of the former Superintendent of Elections and Commissioner of Registration for Monmouth County. He avers that during his five years in office there had been mobile registration in Monmouth County. He refers specifically to three instances. The general allegation is made that "my experience also has shown that members of the black and Puerto Rican community are very fearful of entering public buildings for the purpose of registration."
Defendant's have submitted five affidavits in opposition to the relief requested. Ferrell sets forth that at the present time registration is more involved than heretofore, "in that the ratification of the 26th Amendment, Supreme Court decision on the `Worden Case' [Thomas Worden, et al. v. Mercer County Board of Elections, 61 N.J. 325, decided by the New Jersey Supreme Court July 14, 1972] and the subsequent ruling by the Attorney General that Military personnel might vote within their municipal boundaries of their Military installation changed our methods considerably."
Mr. Ferrell continues:
The above changes in what had been the normal methods of conducting this office necessitated a great deal of additional instruction to those involved as there were many changes in the law, Court cases, and opinions by the Attorney General, which affected what previously had been a routine job.
He points out that during the time he has been Commissioner of Registration he has caused to be held 7 off-premises registrations in 1971 and 19 off-premises registrations in 1972, 19 of which have been at high schools. He further points out that the municipal clerks in each of the 53 municipalities have designated evening hours for registration, all of which include at least September 28, and most of which also include September 26 and 27. In addition, clerks of each municipality have been encouraged to conduct off-premises registrations whenever they felt it was necessary. It is shown that at least 23 such registrations have been held. He concludes one affidavit stating:
*590 In my opinion there is no need for any further additional outside registration conducted by my office as all clerks have allotted additional times for registration in their communities.
A second affidavit submitted by Mr. Ferrell sets forth in detail the work that must be performed by his office during the 40-day period before election day.
An affidavit is submitted by an election clerk in the office of the Superintendent of Elections and Commissioner of Registration. She states in part:
It has been my experience that persons taking registrations must be well trained and very careful and accurate, otherwise a registration may be made void through no fault of the person registering.
In the past, former Commissioners deputized District Election Board workers to register in their homes. We found the returned forms not completed in several instances, which resulted in our having to contact these people to receive the proper information to complete the forms, so that they would be placed in their correct voting district.
It is my opinion that unless the registrations are properly taken at the outset, much time is wasted by our office checking these out.
The affidavit of the First Vice President of the League of Women Voters of Monmouth County sets forth in detail the numerous off-premises registrations the League has conducted and concludes:
In my opinion and with my experience with the League of Women Voters there are possibly only two counties in New Jersey that might surpass what has been done in Monmouth County.
The League's purpose is to promote political responsibility and educate citizens to active participation in their government, and in my opinion we have had full co-operation in working toward this purpose in Monmouth County.
Finally, an affidavit is submitted by the Chairman of the Monmouth County Board of Elections pointing out the numerous duties that the County Board must perform during the 40-day period before the election.
Defendants assert plaintiff has no standing to maintain the action.
*591 In Bergen County v. Port of N.Y. Authority et al., 32 N.J. 303 (1960), the court dismissed the complaint stating:
* * * In essence, a plaintiff must have an interest in the subject matter in order to maintain a declaratory judgment action. This requirement reflects the wholesome general rule that litigation shall not be maintained by strangers to a controversy. Cf. New Jersey Turnpike Authority v. Parsons, 3 N.J. 235, 240 (1959); New Jersey Bankers Ass'n v. Van Riper, 1 N.J. 193, 196 (1948). The trial court could find no interest in the county either in its own right or as a representative of others. We agree. [32 N.J. at 307]
The latest discussion on the subject of standing by the Supreme Court is Crescent Park Tenants Assoc. v. Realty Eq. Corp. of N.Y., 58 N.J. 98 (1971). There the court said:
Unlike the Federal Constitution, there is no express language in New Jersey's Constitution which confines the exercise of our judicial power to actual cases and controversies. U.S. Const. art. III, § 2; N.J. Const. art. VI, § 1. Nevertheless we will not render advisory opinions or function in the abstract (New Jersey Turnpike Authority v. Parsons, 3 N.J. 235, 240 (1949)) nor will we entertain proceedings by plaintiffs who are "mere intermeddlers" (Baxter v. Baxter, 43 N.J. Eq. 82, 86 (Ch. 1887), aff'd, 44 N.J. Eq. 298 (E. & A. 1888)), or are merely interlopers or strangers to the dispute (Bergen County v. Port of New York Authority et al., 32 N.J. 303, 307, 318 (1960)). * * * [58 N.J. at 107]
Here plaintiff seeks to assert that a constitutional right of others is being breached because she claims that New Jersey is not allowing registration for the Presidential election up to 30 days before the election as required by the Voting Rights Act Amendments of 1970. In this respect she is incorrect. L. 1972, c. 30 provides for registration up to 30 days before a Presidential election. Voting in such cases will be permitted for the President and Vice President by the use of absentee ballot. The Voting Rights Act Amendments of 1970 require no more. Ferrell has stated that he will give notice through newspapers published in the county that registration to vote for the President and Vice President may be made through October 10.
*592 Plaintiff apparently contends that because the Voting Rights Act Amendments of 1970 provide for registration up to 30 days before the Presidential election, it of necessity requires the State to allow registration for voting for all offices up to the same period.
Since plaintiff is a registered voter, none of her rights are being affected. It is well-settled that one who would raise the constitutional rights of a class must be a member of that class. E.g., Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Barrows v. Jackson, 346 U.S. 249, 255, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953); Bode v. Barrett, 344 U.S. 583, 586, 73 S.Ct. 468, 97 L.Ed. 567 (1953); Nelson v. So. Brunswick Planning Bd., 84 N.J. Super. 265, 276 (App. Div. 1964). Cf., Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 1364, 31 L.Ed.2d 636 (1972). R. 4:32-1(a) specifically requires that to maintain a class action one must be a member of the class.
Likewise plaintiff has no standing to assert that Ferrell has abused his discretion in the refusal to allow plaintiff to act as a volunteer registrar. No authority has been cited that she or any other person has a right either by constitution or by statute to act as a volunteer registrar. Obviously, she cannot assert that she herself would not go to a municipal office or to the court house in Freehold to register. The general allegation made that certain citizens of the County are reluctant "to go to the municipal offices to register" would appear to be an insult to those citizens. There is nobody before this court who makes and personally substantiates that assertion. Not being directly affected by Ferrell's action, she may not challenge it. In re Atlantic City, 3 N.J. Super. 62, 63-64 (App. Div. 1949).
Even assuming that plaintiff did have standing, relief would not be granted. Essentially, plaintiff seeks relief by way of mandamus.
Mandamus is a coercive process that commands the performance of a specific ministerial act or duty, or compels *593 the exercise of a discretionary function, but does not seek to interfere with or control the mode and manner of its exercise or to influence or direct a particular exercise. Switz v. Middletown Twp., 23 N.J. 580, 587 (1957); Finn v. Wayne Tp., 45 N.J. Super. 375, 380 (App. Div. 1957).
An order in the nature of mandamus is available only where there is a clear and definite right to the performance of a ministerial duty, in essence mandatory and final. Unless the particular duty is peremptory, the fair exercise of judgment and discretion is the province of the functioning authority. Switz v. Middletown Twp., supra, 23 N.J. at 588; Vacca v. Stika, 21 N.J. 471, 476 (1956); Finn v. Wayne Tp., 45 N.J. Super. 375, 380 (App. Div. 1957). If a statute imposes a command to act or the performance of a positive duty in compliance with defined certain standards, the matter is ministerial and mandamus would be available to compel obedience. Id.; Case v. Daniel C. McGuire, Inc., 53 N.J. Super. 494, 498 (Ch. Div. 1959).
N.J.S.A. 19:31-6 provides in part that the Commissioner of Registration "shall receive the application for registration of all eligible voters who shall personally appear for registration during office hours at the office of the commissioner * * * or at such other place or places as may from time to time be designated by him * * * for registration." A reading of the statute makes it clear that the choice of registration locations other than the office of the commissioner or the offices of municipal clerks (N.J.S.A. 19:31-7) is a discretionary act which defendant cannot be compelled to exercise as a plaintiff desires unless his discretion has been shown to be arbitrary, capricious or unreasonable.
As pointed out, defendant Ferrell has already exercised his discretionary authority in scheduling off-premises registration during 1972 on 19 different occasions. In addition, in a number of instances municipal clerks have held off-premises registration with the consent and assistance of the Commissioner.
*594 The present rule as to discretionary actions was set forth by the Supreme Court in Richardson v. Caputo, 46 N.J. 3 (1965):
Discretion, of course, is never the plaything of office. Rather it imports responsibility, a duty to act with reason. True, it is not for a court to choose one of several reasonable courses, for that choice is precisely what the Legislature left to another, United Hunters Ass'n v. Adams, 36 N.J. 288 (1962), but if it clearly appears the course taken is not rooted in reason, the bounds of the delegated authority have been exceeded and it is the duty of the court to say so. [46 N.J. at 9]
The papers before the court show that Ferrell has exercised his discretion. He has scheduled registration in three centrally located shopping centers on three Saturdays in September. These registration services are in addition to that offered on a regular daily basis at his office and at the offices of the 53 municipal clerks in the County, all of whom have scheduled evening hours during the last week of the registration period.
All the plaintiff has shown is that she thinks Ferrell should have performed his statutory duty differently. Plaintiff suggests that registration of potential voters is a simple matter that can and should be done by anyone. The court cannot agree with that assertion. There is a responsibility upon the Commissioner of Registration to assure that only properly qualified persons be registered. In Worden et al. v. Mercer County Board of Elections, supra, 61 N.J. at p. 346, the court stated:
The State has of course an interest in preventing fraudulent voting but there has been no suggestion that the registration and criminal laws are not adequate in this connection * * *.
Plaintiff has failed to make it appear clearly that Ferrell's action was not "rooted in reason." There has been no showing that he has abused his discretion. To hold otherwise would be to substitute this court's judgment for the judgment of a duly appointed official charged with making *595 the decision. Such a judicial act would be improper. Richardson v. Caputo, supra, 46 N.J. at 9.
The complaint has been voluntarily dismissed as against the Board of Chosen Freeholders. There will be a judgment dismissing the complaint as to the remaining defendants, with costs.