121 N.J. Super. 68 (1972)
296 A.2d 81
THE BOROUGH OF EATONTOWN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BENJAMIN H. DANSKIN, COUNTY CLERK OF THE COUNTY OF MONMOUTH, DEFENDANT.
Superior Court of New Jersey, Law Division.
Argued October 6, 1972.
Decided October 6, 1972.
*71 Mr. Henry J. Saling argued the cause for plaintiff (Messrs. Saling, Moore, O'Mara & Coogan, Attorneys).
Mr. William E. Russell argued the cause for defendant (Messrs. Pillsbury, Barnacle, Russell & Carton, Attorneys).
LANE, J.S.C.
This matter is before the court on the return of an order to show cause why defendant, County Clerk of Monmouth County, should not be required to place on the ballot for the general election to be held November 7, 1972 the question: "Shall the Eatontown Zoning Ordinance be changed to allow a second major regional shopping center in the Borough of Eatontown, N.J."
On April 26, 1972 a complete revision of the Eatontown zoning ordinance was introduced and passed on first reading at a meeting of the Eatontown governing body. On August 30, 1972 the governing body adopted the ordinance as introduced, with certain amendments, laying the matter over for second reading, public hearing, and final consideration of the amendments.
The governing body gave particular attention to the rules and regulations affecting the B-3 zone (regional shopping area), and the extent of the district to which those rules and regulations should apply. At the public hearing and at regular meetings of the governing body, various opinions for and against the rules and the extent of the B-3 zone have been expressed.
*72 On August 9, 1972 a resolution was introduced and seconded to initiate a non-binding referendum under N.J.S.A. 19:37-1. Of the five council members present, two voted for and three voted against the resolution.
On September 25, 1972 a petition signed by 550 registered and qualified voters was presented to the governing body at its regular meeting. The petition states:
Pursuant to N.J.S.A. 19:37-1.1, we the undersigned registered voters of the Borough of Eatontown request the Mayor and Council of the Borough of Eatontown to place upon the ballot in the November 1972 general election the following question:
Shall the Eatontown Zoning Ordinance be changed to allow a second major regional shopping center in the Borough of Eatontown, N.J.
The governing body thereupon adopted a resolution:
WHEREAS, 10% or more of the registered voters have requested the following question pertaining to the internal affairs of the Borough of Eatontown be submitted to a vote of the electors in the Borough;
NOW, THEREFORE, BE IT RESOLVED by the governing body that the Clerk of the County of Monmouth be requested to print on the official ballot in the next ensuing general election, the following question:
"Shall the Eatontown Zoning Ordinance be changed to allow a second major regional shopping center in the Borough of Eatontown, N.J."
On October 2, 1972 not yet approved minutes of the September 25 meeting containing the resolution were submitted to defendant. The Clerk of Elections and the Assistant County Counsel in a conference with the Borough Attorney concluded that the request that the question be placed on the November ballot did not comply with N.J.S.A. 19:37-1 et seq. On October 4, 1972 plaintiff received a letter from the Clerk of Elections advising that the proposition as proposed would not appear on the official ballots for the general election on November 7, 1972.
Plaintiff asserts that "the proposition proposed by the petition and the action of the governing body of the Borough *73 of Eatontown constitutes substantial compliance with N.J.S.A. 19:37-1.1 et seq.," and that it is in the public interest that the proposition be printed on the ballots for the November election. It is contended that if the proposition is not included on the ballot, there will be harmful delays in putting into effect appropriate zoning legislation for the Borough of Eatontown and at additional cost to the taxpayers. The plaintiff further asserts:
The zoning issue to be resolved by the governing body is of overwhelming importance to the general public and citizens of the Borough of Eatontown and the action to be taken by the governing body relative to the B-3 zone transcends district lines if relief is not afforded. [sic] The governing body cannot practically obtain the sentiment of its citizenry without tedious, circuitous and unnecessarily burdensome acts.
Judgment is sought directing that the proposition be placed on the ballot for the November election.
The complaint is essentially one in lieu of mandamus. Mandamus is a coercive process which commands the performance of a specific ministerial act or duty or compels the exercise of a discretionary function, but does not seek to interfere with or control the mode and manner of its exercise or to influence or direct a particular exercise. Switz v. Middletown Twp., 23 N.J. 580, 587 (1957); Finn v. Wayne Tp., 45 N.J. Super. 375, 380 (App. Div. 1957).
A judgment in the nature of mandamus is available only where there is a clear and definite right to the performance of a ministerial duty, in essence mandatory and final. Unless the particular duty is peremptory, the fair exercise of judgment and discretion is the province of the functioning authority. Switz v. Middletown Twp., supra, 21 N.J. at 588; Vacca v. Stika, 21 N.J. 471, 476 (1956); Finn v. Wayne Tp., supra, 45 N.J. Super. at 380. If a statute imposes a command to act or the performance of a positive duty in compliance with defined certain standards on a local governing body, the matter is ministerial and *74 mandamus would be available to compel obedience. Id.; Case v. Daniel C. McGuire, Inc., 53 N.J. Super. 494, 498 (Ch. Div. 1959).
N.J.S.A. 19:37-2 provides:
If a copy of the ordinance or resolution certified by the clerk or secretary of the governing body of any such municipality or county is delivered to the county clerk not less than 60 days before any such general election, he shall cause it to be printed on each sample ballot and official ballot to be printed for or used in such municipality or county, as the case may be, at the next ensuing general election.
The statute clearly imposes a positive duty on defendant to place the proposed question on the ballot, if it is submitted in proper form to him not less than 60 days before the general election.
Plaintiff asserts that the petition and action of the governing body are in substantial compliance with N.J.S.A.
19:37-1 et seq.:

19:37-1. Ordinance or resolution for submitting question

When the governing body of any municipality or of any county desires to ascertain the sentiment of the legal voters of the municipality or county upon any question or policy pertaining to the government or internal affairs thereof, and there is no other statute by which the sentiment can be ascertained by the submission of such question to a vote of the electors in the municipality or county at any election to be held therein, the governing body may adopt at any regular meeting an ordinance or a resolution requesting the clerk of the county to print upon the official ballots to be used at the next ensuing general election a certain proposition to be formulated and expressed in the ordinance or resolution in concise form. Such request shall be filed with the clerk of the county not later than 60 days previous to the election.

19:37-1.1 Request by voters; petition

Whenever a governing body of a municipality has adopted an ordinance or resolution pursuant to section 19:37-1 of the Revised Statutes, upon the presentation to the governing body of such municipality of a petition signed by 10% or more of the voters registered and qualified to vote at the last general election in such municipality, requesting the governing body of such municipality to *75 ascertain the sentiment of the legal voters of the municipality upon any question or policy pertaining to the government or internal affairs thereof that is reasonably related to any proposition formulated and expressed in such ordinance or resolution, such municipality shall thereupon adopt at its next regular meeting following the presentation of such petition a resolution requesting the clerk of the county to print upon the official ballots to be used at the next ensuing general election a certain proposition as formulated and expressed in the petition. Such request shall be filed with the clerk of the county not later than 30 days previous to the election.
To comply with the statutory scheme, a governing body must first adopt a resolution or ordinance pursuant to N.J.S.A. 19:37-1 requesting the county clerk to place a certain proposition on the ballot. Under the statute such request must have been made to the county clerk 60 days before the election, in this case by September 8. Thereafter, and only thereafter, a petition may be presented by registered and qualified voters requesting the governing body to put a proposition to the voters "upon any question or policy * * * that is reasonably related" to the proposition already proposed by the governing body under N.J.S.A. 19:37-1. Thereafter the governing body must adopt a resolution at its next regular meeting requesting the county clerk to print on the ballot the proposition contained in the petition. This request must be filed with the county clerk 30 days before the election, here by October 10 (October 8 being a Sunday; and October 9, a holiday).
Since submission of a petition by voters is explicitly contingent on the governing body's original resolution, which was not passed within the statutory period, neither petition nor the subsequent resolution are in compliance with N.J.S.A. 19:37-1 et seq. Whether substantial compliance is sufficient requires statutory interpretation.
It has been held that the statutory device considered here for ascertaining voter sentiment is so obviously useful to those who are burdened with the duty of promoting the public welfare that a court should interfere only where a misuse is plain and that the courts should favor *76 every effort by those charged with the responsibility of government to canvass the sentiment of the electorate where public policy is concerned. Gamrin v. Mayor & Council of City of Englewood, 76 N.J. Super. 555, 557-558 (Law Div. 1962). The purpose of such referendum procedures is to encourage citizen interest and participation in municipal affairs. See Meridian Development Co. v. Edison Tp., 91 N.J. Super. 310, 313 (Law Div. 1966). Referendum provisions are to be liberally construed. Cuprowski et al. v. City of Jersey City, 101 N.J. Super. 15, 27 (Law Div.), aff'd 103 N.J. Super. 217 (App. Div. 1968). However, there is no constitutional right to a referendum, but only a statutory right where appropriate legislation exists. Smith v. Livingston Tp., 106 N.J. Super. 444, 452-453 (Ch. Div.), aff'd o.b. 54 N.J. 525 (1969)
Plaintiff presumably relies on the fact that the statute uses the generally directory verb "may" rather than the mandatory verb "shall" in N.J.S.A. 19:37-1 as to the adoption of an original request by the governing body. The general rule is that the purpose and intent of the Legislature should be considered in determining whether a statute is directory rather than mandatory. The choice of verb is not conclusive. Harvey v. Essex County Board of Chosen Freeholders, 30 N.J. 381, 391 (1959). However, even if it is assumed that the provisions for a referendum and for a voter's petition in N.J.S.A. 19:37-1 et seq., are directory, the time limits are imposed by the mandatory verb "shall." There is a presumption that the word "shall" is used in an imperative sense. While this presumption is not conclusive, it can only be overthrown by something in the character of the legislation or in its context which will justify a different meaning. Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 166 (1954).
An amendment to an act may be considered in discovering the legislative intent in the act amended. Matawan Borough v. Monmouth Cty. Tax Bd., 51 N.J. 291, 298-299 (1968). N.J.S.A. 19:37-1 was amended by L. 1967, c. 101. *77 This act changed the time for filing the request with county clerk from 40 days to 60 days. It also adopted N.J.S.A. 19:37-1.1 These amendments suggest an effort to control the amount of time which must elapse between the adoption of resolutions concerning propositions to be put to the voters and the general election. The fact that the amendment enlarged that time period from 40 to 60 days suggests that the time was viewed as mandatory.
The statement attached to Assembly, No. 840 which became L. 1967, c. 101 was:
At present the election law makes no provision for nonbinding referendum at the request of citizens of a municipality. This bill will correct the omission by providing a means by which citizens of a municipality may compel a governing body to submit to public referendum questions alternate or related to those proposed for non-binding referendum by the governing body. The bill also affords adequate time for such citizen action following the adoption of such a resolution or ordinance by the municipality.
Clearly the Legislature's intent in providing time limits was to insure voters adequate time both to consider the governing body's resolution, to frame appropriate related propositions and to express their opposition to any questions proposed. To compel defendant to place on the ballot a question which has not had the benefit of such consideration would appear to defeat the Legislature's intent.
It has been held in other jurisdictions that the time periods in statutes providing for referendum are mandatory. E.g., Souther v. Butler, 195 Ga. 566, 24 S.E.2d 668, 671 (Sup. Ct. 1943); Kochen v. Young, 252 Iowa 389, 107 N.W.2d 81, 84 (Sup. Ct. 1961); Dubyak v. Kovach, 164 Ohio St. 247, 129 N.E.2d 809, 812 (Sup. Ct. 1955); State v. Gibson, 183 Or. 120, 191 P.2d 392, 393 (Sup. Ct. 1948); Nunn v. New, 148 Tex. 443, 226 S.W.2d 116, 117 (Sup. Ct. 1950); State v. Melton, 66 Wash.2d 157, 401 P.2d 631, 633 (Sup. Ct. 1965). See also, 5 McQuillin, Municipal Corporations, § 16.64, p. 239 (3d ed., 1969 Revised Volume); 42 Am. Jur.2d, Initiative and Referendum, § 33, p. 682 *78 (1969); 62 C.J.S. Municipal Corporations § 456(c) (2), p. 882 (1949). Cf. French v. Board of Commissioners of Ocean City, 136 N.J.L. 57, 58-59 (Sup. Ct. 1947).
No claim is made that the proposition may be placed on the ballot under authority other than N.J.S.A. 19:37-1 et seq. No argument is made that the statutory scheme does not serve a public purpose as in In re Smith, 59 N.J. 263 (1971). Such an argument would fail because it is apparent from the statement attached to Assembly, No. 840 that the scheme serves a definite public purpose.
Since no resolution was submitted under N.J.S.A. 19:37-1 within the time period expressed therein, there was no authority for the governing body to act on the petition submitted to it. The provisions of N.J.S.A. 19:37-1 et seq., are mandatory so that substantial compliance is irrelevant. In any event, there has not been a substantial compliance with the statutory provisions. The county clerk correctly refused to place the proposition on the ballot for the general election to be held November 7, 1972.
The order to show cause will be discharged; and the complaint, dismissed.