JOHN C. STUCKERT, d. b. a. v. RICHARD T. CANN, p. b. r.

1. CONTRACTS—"AGREEMENT" REQUIRES MEETING OF MINDS IN THE SAME INTENTION.

An "agreement" means the meeting of the minds of the parties in the same intention.

2. CONTRACTS—PROCURED BY FRAUDULENT MISREPRESENTATIONS AS TO MATERIAL FACT MAY BE AVOIDED.

A party who has been induced to make a contract to his damage or loss by a fraudulent misrepresentation concerning a material fact may avoid the contract.

3. TRIAL—QUESTIONS OF FACT FOR JURY.

Questions of fact are for the determination of the jury.

4. EVIDENCE—VERDICT TO BE RENDERED FOR PARTY HAVING "PREPONDERANCE OF EVIDENCE."

The jury is to render its verdict in favor of the party in whose favor the evidence preponderates; "preponderance of evidence" meaning the greater weight of evidence, and not necessarily the greater number of witnesses.

5. SALES—MEASURE OF DAMAGES ON BUYER'S DEFAULT DIFFERENCE BETWEEN AGREED PRICE AND RESALE PRICE.

Seller's measure of damages on buyer's wrongful cancellation of contract to purchase corn is the difference between the price buyer agreed to pay and the price seller obtained for it upon a resale.

(*November* 23, 1920.)

BOYCE and RICE, J. J. sitting.

*Walter J. Willis* for appellant.

*Philip L. Garrett* and *John Pearce Cann* for respondent.

Superior Court for New Castle County, November Term, 1920.

APPEAL, No. 86, September Term, 1919.

The pro narr. on appeal was in assumpsit on common counts. The pleas were non-assumpsit, set-off, and statute of limitations. Reps. and issues entered.

The claims and contentions of the parties appear in the charge of the court.

RICE, J. (charging the jury). In this action Richard T. Cann, the plaintiff, seeks to recover from John C. Stuckert, the defendant, damages alleged to have been occasioned by the defendant's cancellation of a contract for the purchase by the defendant of 2,000 bushels of corn from the plaintiff.

The plaintiff claims that on January 11, 1919, the defendant bought from him 2,000 bushels of corn at the agreed price of $1.55 per bushel to be delivered to the defendant at such time as the defendant could arrange for cars in which to load the corn; that he, the plaintiff, kept the corn subject to loading orders by the defendant until the defendant notified him on February 11th that he, the defendant, would not accept a delivery of the corn and the plaintiff could dispose of the same at any time and to any person who would buy it. The plaintiff claims he thereupon sold the corn for $1.30 net, the best market price he could obtain for it, and thereby suffered a loss of $500 by reason of defendant's refusal to take the corn at the alleged agreed price.

The defendant denies that he purchased the corn from the plaintiff, and contents that if he did enter into any agreement for the purchase of the corn the agreement was invalid by reason of a fraudulent misrepresentation, concerning the price of corn at Middletown, made to the defendant by the plaintiff, and the defendant claims that as soon as he discovered the price at Middletown to have been other than as represented by the plaintiff to him in their conversation, he notified the plaintiff that he would not accept the corn.

A contract may be oral or written and the contract alleged in this case is claimed to be an oral one resulting from a telephone conversation between the plaintiff and defendant.

A contract has been defined to be an agreement between two

or more parties for a sufficient consideration to do or not to do a particular thing.

[1]   Agreement is one of the necessary essentials of a contract and means the meeting of the minds of the parties to the contract in the same intention, and in this case, before you can find that a contract resulted from the negotiations of the parties, you must find that the minds of the parties met in the same intention.

Whether or not the contract as alleged by the plaintiff was, under all the facts and circumstances, entered into between the parties to this action, we are going to submit to you for your determination upon your consideration of all the evidence in the case in connection with the law as we shall state it to you.

[2]   When one party to an alleged contract makes to the other party a fraudulent misrepresentation concerning a material fact and the other is thereby induced to act to his damage or loss, the terms and obligations of the contract may be avoided by the defendant party. The misrepresentation, to avoid a contract, however, must have been a fraudulent one of a material fact made for the purpose of deceiving or with a disregard of its truth or falsity, and the other must act upon such fraudulent misrepresentation to his disadvantage.

[3, 4]   The questions presented in this case are largely of fact and not of law, and questions of fact are for your consideration and determination, and you are to render your verdict from the evidence in the case and in favor of that party in whose favor the evidence preponderates.   And by preponderance of evidence is meant the greater weight of the evidence, and not necessarily the greater number of witnesses.

If after considering the evidence in this case you find that the parties to this action did not enter into a contract for the sale and purchase of the corn in question, as alleged by the plaintiff, your verdict should be in favor of the defendant.   Or if you find that the defendant did agree with the plaintiff to purchase the corn, and that the defendant was induced to enter into the agreement by a fraudulent misrepresentation made by the plaintiff to the defendant with respect to the price of corn, and that such fraudulent mis-

representation was made by the plaintiff with the purpose to deceive the defendant, then the contract would be void and the plaintiff would not be entitled to a recovery.

[5] If, however, you find that the defendant did agree to purchase the corn in question from the plaintiff and agreed to pay him $1.55 per bushel as alleged by the plaintiff, and thereafter refused to receive the same, and further find that the plaintiff sold the corn at a fair market price, which market price was less than the agreed price, then the plaintiff would be entitled to recover any damages sustained by him by reason thereof. His damages under such circumstances being the difference between the price the defendant agreed to pay for the corn and the price he obtained for it upon a resale.

Verdict for plaintiff.