Charles DARBY et al., Defendants below,
Appellants,

v.

NEW CASTLE GUNNING BEDFORD EDU-
CATION ASSOCIATION, Plaintiff
below, Appellee.

Supreme Court of Delaware.

Argued March 18, 1975.

Decided April 7, 1975.

David F. Anderson, of Potter, Anderson
& Corroon, Wilmington, for defendants be-
low, appellants.

John S. Grady, of Bader, Dorsey &
Kreshtool, Wilmington, for plaintiff below,
appellee.

Before HERRMANN, C. J., DUFFY
and McNEILLY, JJ.

DUFFY, Justice:

This appeal from a Superior Court order
of mandamus involves a single question:
May a School Board be compelled to sub-
mit to fact-finding under 14 Del.C. §
4010?[1]

---

[1]. At oral argument plaintiff's counsel filed an affidavit suggesting that the appeal is moot but, in view of the substantial public interest in the statute, we consider the merits of the appeal under the well-established pub-lic-interest-exception-to-the-mootness doctrine. Cf. State ex rel. Traub v. Brown, Del.Supr., 197 A. 478 (1938); 5 Am.Jur.2d Appeal and Error § 768. See Annot., 132 A.L.R. 1186.

## I

Plaintiff is the exclusive negotiating representative for teachers of the New Castle Gunning Bedford School District. 14 Del. C. §§ 4004, 4006. Defendants are members of the Board of Education of that District. The parties reached an impasse during negotiations over a new contract and plaintiff filed a petition for a writ of mandamus to compel the Board to submit to fact-finding. The essential facts were admitted by the parties and thereafter the Court granted plaintiff's motion for summary judgment. This appeal followed.

## II

In Delaware the law as to mandamus is well settled. The writ is extraordinary and appropriate only when a plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty, Remedio v. The City of Newark, Del.Supr., 337 A.2d 317 (April, 1975); 2 Woolley on Delaware Practice 1126, § 1655. The nature of the writ, its purpose and limitations were defined at least as far back as the opinion by the Court of Errors and Appeals in McCoy v. State, 36 A. 81 (1897), wherein it was stated:

"Mandamus, according to the uniform current of our well-considered adjudications, is, in this state, a prerogative writ, in the supervisory sense, issuable exclusively by our superior court, not of course, but only in the exercise of a sound judicial discretion. It is a remedial writ, the appropriate functions of which are the enforcement of the performance of duties, imposed by law, by officers and others who neglect or refuse to perform their duty. The remedy is extraordinary, and, if the right is doubtful, or the duty discretionary, or the power to perform the duty wanting or inadequate, or if there be any other specific and adequate legal remedy, this writ will not, in general, be allowed. The right which it is sought to protect must be clearly established, and the writ

is not granted in doubtful cases. When substantial doubt exists as to the duty whose performance it is sought to coerce, or as to the right or power of the officer to perform the duty, the relief will be withheld, since the granting of the writ in such cases would render ·the process of the court nugatory and fruitless."·

See also Webb v. Diamond State Telephone Company, Del.Ch., 237 A.2d 143 (1967).

The legal issue in the appeal is simply whether plaintiff has been given a statutory right (and defendants a corresponding legal duty) which may be enforced in a mandamus proceeding.

## III

The statute under which the writ is sought, 14 Del.C. § 4010, provides in part:

"Whenever it appears to the Board of Education or the exclusive negotiating representative that a persistent disagreement exists with respect to salaries, employee benefits and working conditions . . . concerning which the parties have been negotiating, either the Board of Education or the exclusive negotiating representative may request mediation by any method mutually agreed upon. In the absence of such an agreement, and within 10 days, the Board of Education and the exclusive negotiating representative should select a mediator by mutual agreement. In the absence of such agreement, and within another 10 days, a mediation committee, which shall consist of 3 persons, 1 selected by the exclusive negotiating representative, 1 selected by the Board of Education, and a third person selected by mutual agreement of both parties, shall be formed. The third person mentioned above will serve as chairman of the mediation committee.

In the event that fact-finding is requested by either party, a fact-finding committee will be selected by the method described above for mediation."

Plaintiff argues, and the Trial Court agreed, that § 4010 imposes a duty on the Board to submit to fact-finding on request. If such a duty be clear, under the tests stated above, the writ may properly issue to enforce a statutory duty imposed on a school board. 52 Am.Jur.2d Mandamus § 232.

If the statute imposes a ministerial duty, it is plain that a prerequisite to the existence of that duty is the formation of a fact-finding committee. That in turn can only be accomplished by "mutual agreement" of the parties in selecting the third member who acts as chairman of the committee.

Plaintiff asks that the Board be compelled to submit to fact-finding but since the statutory scheme requires mutual agreement as a condition precedent to fact-finding, we must determine if the act of agreement can be compelled by mandamus. See 52 Am.Jur.2d Mandamus § 83.

■ We think that it may not. Agreement by its nature presumes the power and discretion to disagree until and unless there is a meeting of the minds of the parties in the same intention. Compare Stuckert v. Cann, Del.Super., 111 A. 596 (1920). Under the statute there is discretion to agree or disagree as to each nominee for the chairmanship. To be ministerial the duty must be prescribed with such precision and certainty that nothing is left to discretion or judgment, 55 C.J.S. Mandamus § 63a, p. 100, while the act itself is one that must be performed in a prescribed manner without regard to the actor's judgment as to its propriety or impropriety. Case v. Daniel C. McGuire, Inc., 53 N.J.Super. 494, 147 A.2d 824 (1959).

■ The statute here does not circumscribe the discretion which inheres in the "agreement." Indeed, endless rounds of nominations without agreement are possible under the statute. Mandamus cannot force the parties to perform the discretionary act of agreement. While the writ may compel the exercise of official discretion, it may not interfere with the manner in which it is exercised nor force a particular result. Borough of Eatontown v. Danskin, 121 N.J.Super. 68, 296 A.2d 81 (1972); 52 Am.Jur.2d Mandamus § 78.

■ It is thus an ineffectual remedy and the writ should not issue where it cannot provide an effective and enforceable remedy. See State ex rel. Sloan v. Hazzard, Del.Super., 171 A. 454 (1933); cf. State ex rel. Smith v. Carey, Del.Supr., 112 A.2d 26 (1955); 55 C.J.S. Mandamus § 11, p. 36.

■ We conclude that while fact-finding may be a ministerial duty under § 4010, it is dependent on the exercise of a discretionary duty (to "mutually agree" to a chairman of the committee) which may not be compelled by mandamus.[2]

Reversed.

---

2. The statute before the Court in Capital Educators Association v. Camper, Del.Ch., 320 A.2d 782 (1974), (14 Del.C. § 4008), differs in this critical aspect. It does not require a result reached by discretionary means. The statute imposes a duty to meet and confer and to negotiate, not to reach an agreement.