# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY


KUSHAL KALPAN SHAH, a.k.a. )
GERRON LINDSAY, )
          )
      Plaintiff, )
      v. )
          )   C.A. No. N13M-10-022 MMJ
ROBERT COUPE, Commissioner of )
Delaware Department of Corrections )
          )
      Defendant.


Submitted: August 29, 2014
Decided: November 3, 2014

Upon Defendant's Motion to Dismiss Petition for Writ of Mandamus and
Opposition to Plaintiff's Motion for Default Judgment
**GRANTED**


## <u>MEMORANDUM OPINION</u>

Kushal K. Shah, Petitioner, *Pro Se*.

Kenisha Ringgold, Esquire, Department of Justice, Attorney for Defendant.


**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

On June 27, 2002, Plaintiff Kushal Shah ("Shah") pled guilty, but mentally ill ("GBMI") to First Degree Murder. Shah was sentenced to the custody of the Delaware Department of Corrections ("DOC") or the Delaware Psychiatric Center ("DPC") for the remainder of his natural life. Since the time of sentencing, Shah has remained at the James T. Vaughn Correctional Center ("JTVCC"). At JTVCC, Shah receives continuing medical care and mental health treatment.

On October 9, 2013, Shah filed a Petition for Writ of Mandamus ("Petition") in this Court. Shah asserts that 11 *Del. C.* § 408(b) entitled Shah to be confined initially at DPC for mental health treatment immediately following Shah's sentencing. Shah seeks to have the Court compel DOC to transfer Shah to DPC for mental health evaluations.

On June 16, 2014, the State, on behalf Defendant Commissioner Robert Coupe ("Commissioner Coupe"), filed this Motion to Dismiss Plaintiff's Motion Petition for Writ of Mandamus and Opposition to Plaintiff's Motion for Default Judgment.[1]

---

[1] The Court simultaneously has entered an Order denying Shah's Motion for Default Judgment, and will not address that issue in this Memorandum Opinion.

## STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[2] The Court must accept as true all non-conclusory, well-plead allegations.[3] Every reasonable factual inference will be drawn in favor of the non-moving party.[4] If the claimant may recover under that standard of review, the Court must deny the motion to dismiss.[5] In deciding a motion to dismiss a petition for a writ of mandamus, the Court "must consider the standards a party must meet in obtaining the writ."[6]

## ANALYSIS

Pursuant to 29 *Del. C.* § 10143, "[a]ny person aggrieved by the failure of an agency to take action required of it, by law, may bring an action in the Court for an appropriate writ of mandamus." The issuance of a writ of mandamus is within the Court's discretion and is not a matter of right.[7] A writ of mandamus only is appropriate "when a plaintiff is able to establish a clear legal right to the

---

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[3] *Id.*
[4] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[5] *Spence*, 396 A.2d at 968.
[6] *Walls v. Williams*, 2006 WL 1133563, at *1 (Del. Super.).
[7] *Id.*

performance of a non-discretionary duty."[8] A "non-discretionary" or "ministerial" duty is an act that must be "performed in a prescribed manner without regard to the actor's judgment as to its propriety or impropriety."[9] If a petitioner is unable to show a clear right to the requested performance of a duty, or if there is any question as to the petitioner's right, the Court must not issue a writ of mandamus.[10]

### *Parties' Contentions*

Shah seeks a writ of mandamus to compel DOC to transfer Shah to DPC. Shah contends that a transfer from DOC to DPC is a non-discretionary duty because it is required under a literal reading of 11 *Del. C.* § 408(b). Specifically, Shah contends that Section 408(b) required Shah to be confined in DPC for mental health evaluations prior to being incarcerated at JTVCC. Shah also asserts this issue has been brought to DOC's and Court's attention several times, but no action has been taken, so there is no adequate remedy other than a writ of mandamus.[11]

The State disputes Shah's clear right to a transfer from DOC to DPC under Section 408(b). The State contends that Section 408(b) gives Commissioner Coupe the discretion to determine that Shah should remain in the custody of DOC

---

[8] *Am. Fed'n of State, County, and Mun. Employees, Council 81 v. State, Pub. Employees Relations Bd.*, 2011 WL 2176113, at *2 (Del. Super.) (quoting *Darby v. New Castle Gunning Bedford Ed. Ass'n.*, 336 A.2d 209, 210 (Del. 1975).

[9] *Am. Fed'n*, 2011 WL 2176113, at *2.

[10] *Walls*, 2006 WL 1133563, at *1.

[11] Shah asserts that he has filed grievances, habeas corpus, post-conviction relief motions, and a motion for correction of sentence, all of which have been denied.

for security purposes. As a result, the State contends that Shah has not met the burden to demonstrate a clear legal right for a writ of mandamus.

### *Section 408(b) Does Not Require Shah's Transfer to the DPC*

The relevant portion of Section 408(b) provides:

> In a trial under this section a defendant found guilty but mentally ill, or whose plea to that effect is accepted, may have any sentence imposed which may lawfully be imposed upon any defendant for the same offense. Such defendant shall be committed into the custody of the Department of Correction, and shall undergo such further evaluation and be given such immediate and temporary treatment as is psychiatrically indicated. The Commissioner shall retain exclusive jurisdiction over such person in all matters relating to security. The Commissioner shall thereupon confine such person in the Delaware Psychiatric Center, or other suitable place for the residential treatment of criminally culpable persons with a mental illness under the age of 18 who have been found nonamenable to the processes of Family Court.[12]

Shah argues that the plain language of Section 408(b) requires Shah to undergo psychiatric evaluation at DPC before being released to DOC for incarceration. Shah's argument focuses on the statute's language that "[t]he Commissioner shall thereupon confine such person in the [DPC]…." However, Shah's reading of Section 408(b) does not take into account the clause providing for the Commissioner's exclusive jurisdiction for all matters relating to security.

---

[12] 11 *Del. C.* §408(b).

Section 408(b) explicitly grants Commissioner Coupe exclusive jurisdiction for all matters pertaining to security. Additionally, DOC retains custody over Shah regardless of whether Shah is in DPC or JTVCC. Therefore, the Court finds that the plain language of Section 408(b) requires Commissioner Coupe to transfer Shah to DPC for psychiatric evaluation prior to incarceration, *unless* Commissioner Coupe determines that Shah should remain in the custody of DOC for security purposes.

The Court finds that a decision by Commissioner Coupe to retain Shah at JTVCC for security reasons would be discretionary, and precludes the issuance of a writ of mandamus. It is unclear whether Commissioner Coupe has retained Shah at JTVCC for security purposes. However, Shah has the burden to demonstrate that the Commissioner has placed Shah at JTVCC for non-discretionary, non-security reasons. Having failed to do so, the Court finds that Shah is unable to show a clear legal right to be transferred from JTVCC to DPC.

Shah also cites *State v. Sanders*[13] in support of the proposition that Section 408(b) requires inmates be treated at DPC prior to being released to DOC for incarceration. In *Sanders*, the Delaware Supreme Court considered the issue of whether a defendant, who was found GBMI, could be sentenced to death.[14] In its analysis, the Supreme Court touched on the interpretation of Section 408(b).

---

[13] 585 A.2d 117 (Del. 1990).
[14] *Sanders*, 585 A.2d at 120.

Specifically, the Supreme Court stated: "Given our ultimate decision to vacate Sanders' sentence, we find that if Sanders is ultimately sentenced to life imprisonment, he must be held in the State Hospital until the Hospital staff determines that confinement in a correctional institution would be in his best interests."[15]

Shah relies on this sentence as proof that Shah had a right to be evaluated at DPC directly after sentencing. However, while the Supreme Court clarified that Section 408(b) "clearly reflects an intention to vest treatment decisions in the hands of mental health professionals, rather than prison officials," the Supreme Court also acknowledged that the Commissioner retains jurisdiction over "all matters relating to security."[16]

Similarly, the Court finds Shah's reliance on *State v. Steimling*[17] to be unpersuasive. Shah's circumstances are distinguishable from those in *Steimling*. In *Steimling*, the Court interpreted Section 408(b) as it applies when DPC transfers an inmate back to DOC without Court approval.[18] In addition, the Court in *Steimling* did not address the interplay of the Commissioner's exclusive jurisdiction over matters of security and an inmate's right to be transferred to DPC for mental health treatment.

---

[15] *Sanders*, 585 A.2d at 128.
[16] *Id.*
[17] 2010 WL 4060300, at *3 (Del. Super.).
[18] *Id.* at *4.

Here, Shah is not being transferred from DPC back to DOC for the remainder of a sentence. Instead, Shah affirmatively seeks a transfer from JTVCC to DPC for mental health evaluations. The decision to transfer Shah to DPC would implicate a discretionary clause of Section 408(b) not discussed in *Steimling*, and precludes the issuance of a writ of mandamus.

## <u>CONCLUSION</u>

Viewing the facts in the light most favorable to Shah, the Court finds it should not issue of a writ of mandamus. Under Section 408(b), Commissioner Coupe has exclusive jurisdiction over matters of security, which allows Commissioner Coupe to hold Shah at JTVCC at his discretion. As a result, Shah cannot demonstrate a clear legal right to the relief that is requested.

**THEREFORE**, Defendant's Motion to Dismiss Plaintiff's Petition for Writ of Mandamus and Opposition to Plaintiff's Motion for Default Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston