IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH KING, | § | |
| | § | |
| Petitioner Below, | § | No. 697, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | C.A. No. S14M-11-004 |
| Respondent Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: January 2, 2015
Decided: January 23, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 23rd day of January 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Joseph King, filed this appeal from the Superior Court's denial of his petition for a writ of mandamus. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of King's opening brief that his appeal is without merit.[1]   We agree and affirm.

_____

[1] Supr. Ct. R. 25(a).

(2)     The record reflects that, in September 2002, King pled guilty to one count of Robbery in the First Degree, one count of Theft, and three counts of Burglary in the Third Degree.  The Superior Court declared King a habitual offender under 11 *Del. C.* § 4214(a) for the Robbery in the First Degree conviction and sentenced him to twenty years of Level V incarceration.  King was sentenced to a total period of eleven years of Level V incarceration on the remaining charges, suspended upon successful completion of the Level V Tempo program for decreasing levels of supervision.  King did not appeal his convictions or sentence.

(3)     In November 2014, King filed a petition for a writ of mandamus in the Superior Court.  King asked the Superior Court to compel the Department of Correction to find that he was eligible for sentence modification under 11 *Del. C.* § 4217 and to apply for modification of his sentence.  The Superior Court held that King did not have a clear right to action by the Department of Correction and therefore his petition for a writ of mandamus was frivolous.  The Superior Court dismissed the petition with prejudice.  This appeal followed.

(4)     On appeal, King asks this Court to hold that he is eligible for sentence modification under 11 *Del. C.* § 4217.  Under Section 4217, the Department of Correction may file an application for modification of an inmate's sentence "for good cause shown which certifies that the release of the defendant shall not

2

constitute a substantial risk to the community or the defendant's ownself."[2]  "[N]o offender who is serving a statutory mandatory term of incarceration at Level V imposed pursuant to a conviction for any offense set forth in Title 11 shall be eligible for sentence modification pursuant to this section during the mandatory portion of said sentence" unless sentence modification "is based solely upon serious medical illness or infirmity of the offender."[3]

(5)    We review the Superior Court's denial of a petition for a writ of mandamus for abuse of discretion.  "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[4]  As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: (i) he has a clear right to the performance of the duty; (ii) no other adequate remedy is available; and (iii) the agency has arbitrarily failed or refused to perform its duty.[5]  A writ of mandamus will not be issued to compel a discretionary act.[6]

---

[2] 11 *Del. C.* § 4217(b).

[3] 11 *Del. C.* § 4217(f).

[4] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[6] *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 211 (Del. 1995).

(6)     King has not shown that the Department of Correction had a duty to declare him eligible for sentence modification under Section 4217 or to submit an application for modification of his sentence.  It is within the discretion of the Department of Correction to apply for modification of an inmate's sentence under Section 4217.[7]  Thus, the Superior Court did not err in dismissing King's petition for a writ of mandamus.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[7] *Woods v. State*, 2003 WL 1857616, at *1 (Del. Apr. 8, 2003).

4