IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KUSHAL KALPAN SHAH f/k/a GERRON LINDSEY, | § § § § § | No. 662, 2014 |
| Petitioner Below, Appellant, | § § | |
| v. | § § § | Court Below—Superior Court of the State of Delaware, in and for New Castle County |
| ROBERT COUPE, Commissioner of the Delaware Department of Correction | § § § § | C.A. No. N13M-10-022-MMJ |
| Respondent Below, Appellee. | § § § § | |

Submitted: February 27, 2015
Decided: April 29, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 29th day of April 2015, upon consideration of the briefs of the parties and the record below, it appears to the Court that:

(1) The appellant, Kushal Kalpan Shah, filed this appeal from the Superior Court's November 3, 2014 opinion granting the appellee's motion to dismiss. We conclude there is no merit to the appeal and affirm the judgment of the Superior Court.

(2) In 2002, Shah pled guilty but mentally ill to one count of Murder in the First Degree. Shah was placed in the custody of the Delaware Department of

Correction ("DOC") and/or the Delaware Psychiatric Center ("DPC") for the remainder of his natural life. Since sentencing, Shah has remained at the James T. Vaughn Correctional Center ("JTVCC") where he receives medical care and mental health treatment.

(3) On October 9, 2013, Shah filed a petition for a writ of mandamus. In his petition, Shah argued that the DOC was required to transfer him to the DPC under 11 *Del. C.* § 408(b). Section 408(b) provides:

> In a trial under this section a defendant found guilty but mentally ill, or whose plea to that effect is accepted, may have any sentence imposed which may lawfully be imposed upon any defendant for the same offense. Such defendant shall be committed into the custody of the Department of Correction, and shall undergo such further evaluation and be given such immediate and temporary treatment as is psychiatrically indicated. The Commissioner shall retain exclusive jurisdiction over such person in all matters relating to security. The Commissioner shall thereupon confine such person in the Delaware Psychiatric Center, or other suitable place for the residential treatment of criminally culpable persons with a mental illness under the age of 18 who have been found nonamenable to the processes of Family Court. Although such person shall remain under the jurisdiction of the Department of Correction, decisions directly related to treatment for the mental illness for individuals placed at the Delaware Psychiatric Center, shall be the joint responsibility of the Director of the Division of Substance Abuse and Mental Health and those persons at the Delaware Psychiatric Center who are directly responsible for such treatment. The Delaware Psychiatric Center, or any other residential treatment facility to which the defendant is committed by the Commissioner, shall have the authority to discharge the defendant from the facility and return the defendant to the physical custody of the Commissioner whenever the facility believes that such a discharge is in the best interests of the defendant. The offender may, by written statement, refuse to take any drugs which are prescribed for treatment of the offender's mental illness; except when such a refusal will

2

endanger the life of the offender, or the lives or property of other persons with whom the offender has contact.[1]

Shah has made similar claims in previous, unsuccessful motions for habeas corpus relief, postconviction relief, and sentence correction.[2]

(4) After Shah requested entry of default judgment on his petition, the DOC filed a motion to dismiss the petition and opposition to entry of a default judgment. The DOC contended that Shah had not shown he was entitled to mandamus relief because the DOC had determined he was a security risk and he was seeking the same relief in a pending federal lawsuit. At the Superior Court's request, the DOC's counsel provided additional information concerning her delay in responding to Shah's petition.

(5) On November 3, 2014, the Superior Court dismissed Shah's petition for a writ of mandamus. After analyzing the language of Section 408(b), the Superior Court concluded that DOC's exclusive jurisdiction over Shah as to all security matters meant that the DOC was not required to transfer Shah to DPC for

---

[1] 11 *Del. C.* § 408(b).

[2] *See Shah v. State*, 2011 WL 4435682, at *1 (Del. Sept. 23, 2011) (affirming Superior Court's denial of motion for correction of sentence in which Shah argued his sentence was illegal because he should have been confined to the DPC, not the JTVCC, and noting that the Superior Court had previously rejected Shah's argument in denying his requests for habeas corpus and postconviction relief); *Shah v. State*, 2011 WL 1366666, at *1 (Del. Super. Ct. Apr. 11, 2011) (affirming Superior Court's denial of Shah's sixth motion for postconviction relief in which Shah argued his plea agreement was unfulfilled because he was not confined to the DPC under 11 *Del. C.* 408(b)).

3

psychiatric evaluation before incarceration if it determined that Shah should remain at JTVCC for security purposes.[3] Because Shah had failed to meet his burden of showing he was placed in JTVCC for non-discretionary, non-security purposes, the Superior Court held that Shah had not established a clear legal right to be transferred to the DPC.[4] In a separate order, the Superior Court denied Shah's motion for default judgment.[5]

(6) On December 1, 2014, Shah filed a notice of appeal from the Superior Court's opinion dismissing his petition for a writ of mandamus. Shah did not appeal the denial of his motion for default judgment. Relying on 11 *Del. C.* § 408(b) and *Sanders v. State*,[6] Shah argues on appeal that the DOC was required to confine him to the DPC after his 2002 sentencing, the DOC did not have discretion to keep him at JTVCC as a security risk, and the Superior Court erred in denying his petition for mandamus relief.

(7) "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the

---

[3] *Shah v. Coupe*, 2014 WL 5712617, at *2 (Del. Super. Ct. Nov. 3, 2014).

[4] *Id.*

[5] *Shah v. Coupe*, 2014 WL 5712823, at *2 (Del. Super. Ct. Nov. 3, 2014).

[6] 585 A.2d 117 (Del. 1990).

performance of a duty to which the petitioner has established a clear legal right."[7]

As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: (i) he has a clear right to the performance of the duty; (ii) no other adequate remedy is available; and (iii) the agency has arbitrarily failed or refused to perform its duty.[8] A writ of mandamus will not be issued to compel a discretionary act.[9]

(8)     Having reviewed the record in this case in light of the above legal principles, we conclude that the Superior Court did not err when it dismissed Shah's petition for a writ of mandamus. Although Shah has been incarcerated at the JTVCC since 2002, it does not appear that Shah sought transfer to the DPC under 11 *Del. C.* § 408 until years later. Under these circumstances, Shah has not shown that the DOC presently has a non-discretionary duty to transfer him to the DPC under 11 *Del. C.* § 408(b).

---

[7] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

[8] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[9] *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 211 (Del. 1975).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice