IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HERMIONE K.I. WINTER, | § | |
| | § | |
| Petitioner Below, | § | No. 11, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DELAWARE DEPARTMENT OF | § | C.A. No. S18M-08-023 |
| JUSTICE AND THE DELAWARE | § | |
| DEPARTMENT OF | § | |
| CORRECTION, | § | |
| | § | |
| Respondents, | § | |
| Appellees. | | |

Submitted: May 10, 2019
Decided: May 15, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

### ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)　The appellant, Hermione K.I. Winter, filed this appeal from the Superior Court's dismissal of her petition of a writ of mandamus. The Delaware Department of Justice and the Delaware Department of Correction have filed a motion to affirm the judgment below on the ground that it is manifest on the face of Winter's opening brief that her appeal is without merit.　We agree and affirm.

(2)　On August 27, 2018, Winter filed a two-page petition for a writ of mandamus in the Superior Court.　Winter, a transgender inmate at James T. Vaughn

Correctional Center, alleged that she was being unlawfully held in a male prison where there were safety and privacy concerns, as well as unspecified violations of her religious rights and sought an order compelling a transfer to a female facility or immediate release. The respondents filed a motion to dismiss, describing the Department of Correction's policies for the housing of transgender inmates and arguing that a mandamus action was inappropriate for a discretionary matter. The Superior Court granted the motion to dismiss. This appeal followed.

(3) Winter devotes most of her opening brief to alleged violations of her religious rights under the Religious Land Use & Institutionalized Persons Act. She also seeks gender reassignment surgery. She did not raise these claims in the proceedings below and we will not address them for the first time on appeal.[1] As to her argument that she is entitled to a writ of mandamus compelling her transfer to a female prison, "[a] writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official, or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[2] A writ of mandamus will not issue to compel a discretionary act.[3] Decisions regarding the housing of inmates and the transfer of inmates from one housing unit to another

---

[1] Supr. Ct. R. 8.
[2] *Clough v. State*, 686 A.2d 158, 159 (Del. 1996).
[3] *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 211 (Del. 1975).

fall within the discretion of the Department of Correction.[4]  Having reviewed the record in this case in light of the above legal principles, we conclude that the Superior Court's dismissal of Winter's petition for a writ of mandamus was proper.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Desmond v. Phelps*, 2012 WL 424891, at *2 (Del. Feb. 8, 2012).