# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LEROY L. SMITH,<br><br>Petitioner,<br><br>v.<br><br>DAVID HENDERSON, WILLIAM PFEIFER, JAMES F. JUSTICE, JOYCE M. BEMBRY, and LEE ANN BULLOCK,<br><br>Respondents. | )<br>)<br>)<br>)<br>) C.A. No. N19M-05-118 FWW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Submitted: October 5, 2021
Decided: October 5, 2021

*Upon Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Mandamus*
**GRANTED.**

## ORDER

Leroy L. Smith, SBI# 00090228, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se* Petitioner.

Zi-Xiang Shen, Esquire, Deputy Attorney General, State of Delaware Department of Justice, 820 North French Street, 6th Floor, Wilmington, DE 19801, Attorney for Respondents.

**WHARTON, J.**

This 5th day of October 2021, upon consideration of the Motion to Dismiss Petitioner's Writ of Mandamus ("Motion") of Respondents David Henderson, William Pfeifer, James F. Justice, Joyce M. Bembry, and Lee Ann Bullock ("Respondents"),[1] the "Informal Brief" of Petitioner Leroy L. Smith ("Smith") in opposition,[2] and the record in this case, it appears to the Court that:

1.      Smith, an inmate at the James T. Vaughn Correctional Center, submitted a Petition for a Writ of Mandamus ("Petition") on May 15, 2019.[3] The Petition asks this Court to issue a writ of mandamus to the Board of Parole ("Board") directing it to refrain from denying Smith parole based on "non-changeable issues" and to promptly give him a "rehearing of the August 21, 2018 hearing."[4] Since 1980, Smith has been serving sentences of life with the possibility of parole for rape in the first degree and 30 years for kidnapping in the second degree.[5] Smith has applied for parole on these charges unsuccessfully a number of times, most recently on August 22, 2018.[6] He is ineligible to apply again for 60 months from that date.[7] Smith alleges that he has participated in a variety of self help programs over the last

---

[1] Mot. to Dismiss, D.I. 26.
[2] D.I. 32.
[3] Pet., D.I. 1.  For reasons not germane here, the Petition was not served on Respondents until July 20, 2021. D.I. 25.
[4] *Id.*
[5] Mot. to Dismiss, at 1.
[6] Pet., at 1.
[7] *Id.*

20 years or so and now is being denied parole solely on the basis of the nature of his offenses, something that will never change.[8]

2. On August 3, 2021, Respondents moved to dismiss.[9] On October 5th, the Court received Smith's "Informal Brief" opposing the Motion.[10]

3. Respondents seek to have the Petition dismissed because Smith has not established a clear right to a non-discretionary duty, since the Board's decisions are discretionary.[11] Additionally, Respondents argue that the Board based its denial, at least in part, on factors other than the immutable facts of his crimes, including his "testimony, institutional records, assessments prior criminal history, and program participation."[12] Smith's "Informal Brief" reiterates and expands upon the Petition, but does not address the Respondents' argument that mandamus is unavailable to him because the Board's action was a discretionary decision.[13] Instead, he re-argues the merits of his parole application.[14]

4. In considering motions to dismiss writ of mandamus petitions, the Court applies the standards of Superior Court Civil Rule 12(b)(6)(b), accepting all well pleaded allegations as true, and dismissing those petitions that clearly lack

---

[8] *Id.,* at 2.
[9] Mot. to Dismiss, D.I. 26.
[10] D.I. 32.
[11] Mot. to Dismiss, at 3.
[12] *Id.,* at 4.
[13] D.I. 32.
[14] *Id.*

factual or legal merit.[15]  "A writ of mandamus is a command that may be issued by the Superior Court to an inferior court, public official or agency to compel the performance of a duty to which the petitioner has established a clear legal right."[16] In order for the writ to issue, the petitioner must demonstrate that: 1) he has a clear right to the performance of the duty; 2) no other adequate remedy is available; and 3) the agency has arbitrarily failed or refused to perform its duty.[17]  A writ of mandamus will not issue to compel a discretionary act.[18]  "[M]andamus will not lie to review Board of Parole proceedings due to the discretionary nature of the Board's actions."[19]

5.    It is obvious to the Court that the Petition must be dismissed.  The decision of the Board is a discretionary determination.  While the Court has some appreciation for Smith's frustration, given the length of his incarceration and his efforts at rehabilitation, that does not alter the fact that he has no clear right to the relief he seeks because the Board's decision was a discretionary act.

---

[15] *Allen v. Coupe,* 2016 WL 676041, at *2 (Del. Super. Ct. Feb. 18, 2016).

[16] *Samans v. Dep't. of Correction,* 2015 WL 1421411, at *1 (Del., Mar. 27, 2015) quoting *Clough v. State,* 686 A.2d 158, 159 (Del. 1996).

[17] *Id.,* (citing *In re Bordley,* 545 A.2d 619, 620 (Del. 1988)).

[18] *Id.,* (citing *Darby v. New Castle Gunning Bedford Educ. Ass'n.,* 336 A.2d 209,211 (Del. 1975)).

[19] *Bruton v. Carroll,* 2003 WL 22321049, at*1 (Del. Oct. 7, 2003) (citing *Semick v. Dep't. of Corr.,* 477 A. 2d. 707, 708 (Del. 1984)).

4

6.    Accordingly, for all those reasons, Respondents' Motion to Dismiss Petitioner's Writ of Mandamus is **GRANTED.**

**THEREFORE,** the Motion to Dismiss Writ of Mandamus of Respondents David Henderson, William Pfeifer, James F. Justice, Joyce M. Bembry, and Ann Lee Bullock is **GRANTED.** The Petition is **DISMISSED.**

**IT IS SO ORDERED**.

/s/ *Ferris W. Wharton*
Ferris W. Wharton, Judge