**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|                                |     |                          |
|--------------------------------|-----|--------------------------|
| TERRI MICHELLE REYLEK,         | )   |                          |
|                                | )   |                          |
| Petitioner,                    | )   |                          |
|                                | )   |                          |
| v.                             | )   | C.A. No. K22M-07-010 NEP |
|                                | )   |                          |
| ANTHONY J. ALBENCE,            | )   |                          |
|                                | )   |                          |
| Respondent.                    | )   |                          |

Submitted: October 21, 2022
Decided: October 24, 2022

## <u>ORDER</u>

### *Upon Petitioner's Motion to Expedite*

### DENIED

1. On July 19, 2022, Terri Reylek (hereinafter "Petitioner") filed a Petition for a Writ of Mandamus (hereinafter "Petition") in this Court.[1] The Petition requests various forms of relief, including emergency injunctions to prevent the use of electronic voting machines in Delaware's upcoming election and to preserve data from those machines, a temporary restraining order to preserve various election-related documents, an order compelling the production of certain documents, and finally, an order compelling Respondent Anthony J. Albence, State Election Commissioner (hereinafter "Respondent") to act pursuant to 15 *Del. C.* § 302(a) and to uphold the Delaware and United States Constitutions.[2]

---

[1] Verified Pet. for Writ of Mandamus (D.I. 1).
[2] *Id.* at 27–30.

2. Before this Court is Petitioner's Motion to Expedite Proceedings, filed on September 29, 2022.[3] Respondent filed a Motion to Dismiss on October 4, 2022, and indicated that he intends to rely on his motion to dismiss "in lieu of a separate response" to the Motion to Expedite.[4] The Court heard argument from Petitioner on October 21, 2022, at the Court's regular civil motions day. Respondent's counsel did not appear at oral argument.

3. The basis for Petitioner's motion to expedite is that the Petition contains requests for emergency injunctive relief to prevent "violations of the First Amendment and Delaware election code" from occurring during the upcoming election on November 8, 2022.[5] However, the claims for relief in the Petition rely on allegations of violations of Delaware statutes that require certification of electronic voting machines. No claims under the First Amendment of the United States Constitution are at issue here.

4. This Court has previously observed that "[t]here is a dearth of Superior Court case law" on expediting proceedings.[6] However, the Court of Chancery typically requires a showing of "a sufficiently colorable claim and . . . a sufficient possibility of a threatened irreparable injury."[7] Ultimately, whether to grant or deny a motion to expedite proceedings is within the discretion of the Court.[8]

5. In Delaware, requests for emergency injunctive relief should generally be directed to this state's court of equity, the Court of Chancery. While the Superior Court has the power to issue a writ of mandamus pursuant to 10 *Del. C.* § 564 and

---

[3] Mot. to Expedite Proceedings (D.I. 11).
[4] Resp't's Mot. to Dismiss Terri Michelle Reylek's Pet. for a Writ of Mandamus (D.I. 12) at 1 n.1.
[5] Mot. to Expedite at 1.
[6] *Vick v. Khan*, 2018 WL 656379, at *1 (Del. Super. Jan. 31, 2018).
[7] *Id.* (quoting *In re SunGard Data Sys., Inc. Shareholders Litig.*, 2005 WL 1653975 at *1 (Del. Ch. July 8, 2005)).
[8] *Silverberg v. Munshi*, 2022 WL 90608, at *2 (Del. Ch. Jan. 10, 2022) ("It is within the discretion of this Court to grant or deny an application to expedite proceedings." (quoting *Corp. Prop. Assocs. 8, L.P. v. AmerSig Graphics, Inc.*, 1993 WL 499005, at *1 (Del. Ch. Nov. 17, 1993)).

29 *Del. C.* § 10143, mandamus is an extraordinary remedy that can be granted only where a petitioner demonstrates "a clear legal right to the performance of a non-discretionary duty."[9] Moreover, Petitioner must show that "the agency has failed to perform its duty" and that no other legal remedies are available.[10] Critically here, a writ of mandamus can only be used to compel performance of a ministerial duty—it cannot be the basis for prohibitory relief.[11]

6. Petitioner attempted to address the unavailability of prohibitive relief in her answer to the motion to dismiss, and included a statement of "[c]larification and amended relief requests."[12] Assuming *arguendo* that the Court could consider an amendment to the Petition in a response to a motion to dismiss, the amendment nonetheless requests the court to compel Respondent to comply with various statutes and to "cease use of all illegal ES&S voting system/machines in the State of Delaware immediately."[13] This remains at its core a request for prohibitory relief.

7. Even if Petitioner could establish a threat of irreparable harm, she has not made a colorable showing that mandamus relief is a viable avenue to prevent the alleged violations of Delaware election law. Moreover, Petitioner has not made a colorable showing that the Department of Elections will fail to preserve any records or data as required by law, such that a mandamus order compelling performance of any non-discretionary retention requirements would be appropriate.

8. Finally, insofar as the Petition can be construed as a request to enforce Respondent's obligations under the Delaware Freedom of Information Act (FOIA), 29 *Del. C.* 10001–10007, mandamus may be an appropriate avenue to pursue such

---

[9] *Chambers v. Delaware Dep't of Correction*, 2010 WL 847802, at *1 (Del. Super. Mar. 11, 2010) (quoting *Darby v. New Castle Gunning Bedford Ed. Ass'n*, 336 A.2d 209, 210–11 (Del. 1975)).
[10] *Id.*
[11] *Delawareans for Educ. Opportunity v. Carney*, 2018 WL 4849935, at *7 and n.39 (Del. Ch. Oct. 5, 2018).
[12] Answer in Opp'n to the Motion to Dismiss of Resp't Anthony Albence (D.I. 14) at 4.
[13] *Id.* at 5.

relief.[14]  However, the Court does not see any exigency or threat of irreparable harm if Petitioner's FOIA claims are not addressed in an expedited manner.

9.  The primary basis for the request to expedite proceedings, as Petitioner noted in her argument, is to prevent the State of Delaware from using its electronic voting machines on Election Day.  A writ of mandamus is not an appropriate vehicle for this relief.

In light of these considerations, the Court is not persuaded of the need to resolve the Petition for Mandamus or Respondent's motion to dismiss on an expedited timeline.  Accordingly, in the exercise of the Court's discretion, Petitioner's Motion to Expedite is **DENIED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
oc:   Prothonotary
cc:   Terri Michelle Reylek, *Pro Se – Via U.S.P.S. Mail*
      Nicholas D. Picollelli, Jr., Esquire – *Via File & ServeXpress*

---

[14] *See* 29 *Del. C.* § 10005(d) ("Remedies permitted by this section include an injunction, a declaratory judgment, writ of mandamus and/or other appropriate relief.").