# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELVIN KELLUM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. N24M-02-095 NEP |
| | ) | |
| HON. FERRIS W. WHARTON, | ) | |
| HON. ALAN G. DAVIS, HON. | ) | |
| KENNETH S. CLARK, JR., HON. | ) | |
| KATHLEEN JENNINGS, HON. | ) | |
| KEVIN O'CONNELL, HON. | ) | |
| TERRA TAYLOR, TIMOTHY | ) | |
| G. WILLARD, ESQ., JEFFREY | ) | |
| HORVATH, COL. MELISSA | ) | |
| ZEBLEY, and DR. JAMES D. WILSON, | ) | |
| | | |
| Respondents. | | |

Submitted:  June 17, 2024
Decided:  August 5, 2024

## ORDER

*Upon Respondents' Motion to Dismiss Petition for Writ of Mandamus*
**GRANTED**

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

1.    On February 28, 2024, Petitioner Melvin Kellum ("Kellum")[2] filed a Petition for Writ of Mandamus (the "Petition") requesting that the Court direct the Delaware Sentencing Accountability Commission ("SENTAC") to "promptly make a recommendation for appellate review of sentences exceeding the sentencing

---

[1] Citations in the form of "(D.I. __)" refer to docket items.
[2] Kellum is an inmate at a Delaware correctional institution pursuant to a sentence issued in a criminal case.

guidelines" and to "direct[] the procedure to be applied retroactively" to July 18, 1984.[3]

2.      In support, Kellum cites to a provision of SENTAC's enabling statute, specifically 11 *Del. C.* § 6581(g) ("Subsection 6581(g)"), which provides that SENTAC "shall also recommend a procedure or a tribunal for appellate review by either the defendant or the State when sentences are imposed outside of the guidelines."[4]  He further argues that he "does not have any other adequate remedy to correct this sentence that was imposed outside of the sentencing range."[5]

3.      Respondents are members of SENTAC and consist of the Honorable Ferris W. Wharton, the Honorable Alan G. Davis, the Honorable Kenneth S. Clark, Jr., Attorney General Kathleen Jennings, Chief Public Defender Kevin O'Connell, Department of Correction Commissioner Terra Taylor, Timothy G. Willard, Esquire, Jeffrey Horvath, Colonel Melissa Zebley, and Dr. James D. Wilson (collectively, "Respondents").[6]

4.      On May 9, 2024, pursuant to Superior Court Civil Rule 12(b)(6), Respondents filed a motion to dismiss the Petition (the "Motion").

5.      On June 17, 2024, Kellum filed his response in opposition to the Motion.

---

[3] Compl. (D.I. 1) [hereinafter "Pet."] at 1, 10.  July 18, 1984, is the date that 11 *Del. C.* § 6581(g) was enacted.  Del. S.B. 434, 132d Gen. Assem., 64 Del. Laws ch. 402, § 1 (1984).

[4] Pet. at 2 (quoting 11 *Del. C.* § 6581(g)).

[5] *Id.* at 5.

[6] Mot. to Dismiss (D.I. 28) at 1.  Respondents are named only in the caption of the Petition and not in the body of the Petition itself.  Kellum has named two additional individuals in the caption of the Praecipe and the Summons—William C. Carpenter, Jr., and Monroe B. Hudson—who are not named in either the caption or the body of the Petition.  In addition, one individual named in the caption of the Petition, Terra Taylor, is not named in the Praecipe or the Summons.  However, the Court will consider the Respondents in this matter to be only those named in the Petition. *See Tigani v. Fisher Dev. Co.*, 2022 WL 1039969, at *2 (Del. Super. Apr. 6, 2022) (noting there is no different set of rules for *pro se* litigants (citing *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001)).

## STANDARD OF REVIEW

6.    "Delaware courts have consistently followed the standards of Superior Court Civil Rule 12(b)(6) when considering motions to dismiss writ of mandamus petitions."[7] All well-pleaded allegations in a complaint or petition must be accepted as true.[8] In considering any motion under Rule 12(b)(6), however, the Court need not accept conclusory allegations unsupported by the facts or draw unreasonable inferences in favor of the non-moving party.[9] A petition seeking a writ of mandamus will survive a motion to dismiss so long as the plaintiff can recover under any reasonably conceivable set of circumstances.[10] Stated differently, a petition is subject to dismissal if it clearly lacks factual or legal merit.[11]

## APPLICABLE LEGAL STANDARDS

7.    "A writ of mandamus is an extraordinary remedy issued … to compel a lower court, agency, or public official to perform a nondiscretionary or ministerial duty"[12] and may be issued only "when a plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty."[13] "[W]hen directed to an administrative agency or public official, mandamus will issue only to require performance of a clear legal or ministerial duty[,]" that is, "the duty must be prescribed with such precision and certainty that nothing is left to discretion or judgment."[14] Even then, "[m]andamus is issuable not as a matter of right, but only

---

[7] *Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016).

[8] *Id.* (citing *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).

[9] *Pfeffer v. Redstone*, 965 A.2d 676, 683 (Del. 2009); *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 871 (Del. 2020).

[10] *Allen*, 2016 WL 676041, at *2.

[11] *Id.* (citing *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970)).

[12] *Id.* (citing *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015)).

[13] *Darby v. New Castle Gunning Bedford Ed. Ass'n*, 336 A.2d 209, 210 (Del. 1975).

[14] *Guy v. Greenhouse*, 637 A.2d 827, 1993 WL 557938, at *1 (Del. Dec. 30, 1993) (ORDER).

in the exercise of sound judicial discretion."[15]  This "broad discretion" allows the Superior Court to deny a petition where, for example, the petitioner has another remedy available, granting the writ would be inequitable, events after filing render it moot, or granting the writ would be useless.[16]

## DISCUSSION

8.     Upon examination of the Petition, the Court concludes that it cannot survive Respondents' motion to dismiss for at least three separate reasons:  (1) Kellum has no clear legal right to the performance of a duty; (2) the duty in question is discretionary; and (3) issuance of the writ would be futile because it would not secure Kellum the relief he seeks.

9.     The Petition fails to establish that Kellum has a clear right to the duty he seeks to enforce, that is, SENTAC's alleged duty to recommend an appellate procedure.  The Petition implies that such a right arises from Kellum's status as "a Delawarean."[17]   To countenance such an assertion, however, would render meaningless the requirements of the writ, as every Delaware citizen would then have a clear right to issuance of the requested writ.  The Court will not accept Kellum's conclusory allegation that he has such a right.

10.     Even if Kellum could establish that he has a clear legal right to performance of the duty in question, the Petition fails to show that the duty is non-discretionary or ministerial—that it is "prescribed with such precision and certainty that nothing is left to discretion or judgment."[18]   Were the Court to issue the requested writ in this case, the members of SENTAC would then be required to

---

[15] *Id.*

[16] *Brittingham*, 113 A.3d at 524–25.

[17] Pet. at 5 ("[T]he Petitioner—a Delawarean—avers that he has a clear right to the enforcement of § 6581(g).").

[18] *Guy*, 1993 WL 557938, at *1.

4

deliberate regarding a recommendation for appellate review of sentences imposed outside the guidelines, but the statute leaves to the discretion of those members the scope and nature of such a proposal—and the statute makes no provision for the possibility that the members are unable to reach a consensus on such a recommendation. Similarly, in *Darby v. New Castle Gunning Bedford Education Association*, the Delaware Supreme Court determined that a writ of mandamus could not be issued to compel a school board to submit to fact-finding where the statute required mutual agreement between the parties as a condition precedent to fact-finding, and "[a]greement by its nature presumes the power and discretion to disagree until and unless there is a meeting of the minds of the parties in the same intention."[19]

**11.** Finally, Kellum fails to show that issuance of the writ would result in the remedy he seeks. Kellum alleges in the Petition that he "does not have any other adequate remedy to correct this sentence that was imposed outside the [SENTAC] sentencing range."[20] However, were the Court to issue the writ that he has requested, SENTAC would merely be deliberating with a view to *recommending* an appellate review process that the General Assembly would ultimately have to consider and potentially accept or reject. In addition, as Respondents observe, the Delaware Supreme Court's Administrative Directive Number Seventy-Six, which implemented the SENTAC guidelines, provides that the guidelines are "voluntary and non-binding; thus no party in a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards."[21] Furthermore, Kellum provides no legal basis for his

---

[19] 336 A.2d at 211.
[20] Pet. at 5.
[21] Admin. Directive No. 76, (Del. Sept. 17, 1987); *accord Gaines v. State*, 571 A.2d 765 (Del. 1990).

assertion that this Court may "direct [SENTAC] to enforce subsection (g) retroactively."[22] Even if the duty to recommend an appellate review process could be considered non-discretionary or ministerial, and the above discussion demonstrates that it could not, this Court could not direct SENTAC to perform a duty—that is, to recommend an appellate process that would be enforced retroactively—where the statute itself does not prescribe such a duty.[23] Therefore, the issuance of the requested writ by this Court—even if it could overcome the other legal obstacles previously described—would result at most in recommendation of a procedure that would likely be of no benefit to Kellum in his efforts to overturn his own sentence.

**12.** For the foregoing reasons, the Petition is subject to dismissal, as it clearly lacks factual or legal merit.

   **WHEREFORE**, the Motion is **GRANTED**, and the Petition is **DISMISSED**.

    **IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
oc: Prothonotary
cc: Melvin Kellum, *Pro Se - Via State Mail*
   Julia Mayer, Deputy Attorney General - *Via File & ServeXpress*

---

[22] Pet. at 8.

[23] The decisions cited by Kellum in furtherance of his argument for retroactive enforcement support the opposite conclusion. *See State v. Page*, 2018 WL 731710, at *3 & n.4 (Del. Super. Jan. 29, 2018) (applying law in effect on date motion was filed); *State v. Mills*, 2008 WL 484447, at *1 (Del. Super. Feb. 21, 2008) (applying law in effect on date conviction became final).