# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HOWARD A. TAYLOR,        )
        )
        Petitioner,        )
        v.        )        Case No.: K25M-10-016 NEP
        )
DELAWARE HARNESS        )
RACING COMMISSION,        )
        )
        Respondent.        )

Submitted: October 22, 2025
Decided: October 29, 2025

## ORDER[1]

### *Upon Petitioner's Motion for Expedited Proceedings*

### DENIED

**1.** Before the Court is Petitioner's Motion for Expedited Proceedings. The Motion requests the Court to accelerate consideration of the underlying matter on grounds that delay would prejudice the movant's rights and that "expedited judicial intervention" is warranted.[2] For the reasons that follow, the Motion is summarily **DENIED.**

**2.** There is no provision in the Delaware Superior Court Civil Rules authorizing a motion for expedited proceedings. The Superior Court is a court of law with limited statutory jurisdiction, not a court of equity. Expedited proceedings may be ordered in the Court of Chancery, where equity permits such relief under Chancery Court Rule 65. No analogous rule or practice exists in the Superior Court, and Petitioner's Motion fails to identify an alternative basis for such relief. The

---

[1] Citations in the form of "D.I ___" refer to docket items.

[2] Mot. at 3 (D.I. 5).

Superior Court has explicitly recognized that requests for emergency injunctive or expedited relief are generally reserved for the Court of Chancery.[3] The Court of Chancery, unlike the Superior Court, operates as a court of equity and has inherent authority to order expedition upon a showing of colorable claims and irreparable harm.[4]

3.     Petitioner appears to be attempting to import equitable practices from the Court of Chancery into the Superior Court. This Court cannot do so absent statutory authority. Motions for expedited relief, where permitted, must rest on a cognizable legal basis within the Superior Court's jurisdiction, not on generalized equitable notions more appropriately addressed in Chancery.[5]

4.     The Motion cites Superior Court Civil Rule 25, thus indicating that it provides the authority for expedited relief.[6] Petitioner is mistaken. Rule 25 governs substitution of parties upon death, incompetence, transfer of interest, or succession of a public officer.[7] Rule 25 contains no language permitting the Court to modify briefing schedules, compel accelerated proceedings, or otherwise expedite the disposition of a case. The Court therefore finds Petitioner's reliance on Rule 25 wholly inapposite.

5.     The Motion utilizes quotations such as "upon motion for good cause shown"[8] and "without justification or basis"[9] without citation to any rule, statute, or decision. Furthermore, the Motion conflates administrative delay with judicial process, asserting that the alleged delay by the Commission warrants this Court's

---

[3] *See Reylek v. Albence*, 2022 WL 13785951, at *1–2 (Del. Super. Oct. 24, 2022).
[4] *See Vick v. Khan*, 2018 WL 656379, at *1 (Del. Super. Jan. 31, 2018) (citing *In re SunGard Data Sys., Inc. S'Holders Litig.*, 2005 WL 1653975 at *1 (Del. Ch. July 8, 2005)).
[5] *See Reylek*, 2022 WL 13785951, at *1.
[6] Mot. at 4 (D.I. 5).
[7] Del. Super. Ct. Civ. R. 25.
[8] Mot. at 3 (D.I. 5).
[9] *Id.* at 2.

intervention through expedited scheduling—an argument that misapprehends both the posture of this case and the Court's jurisdiction.

6. The Motion mentions the names of what appear to be two judicial decisions, *Givens v. Delaware Harness Racing Commission* and *Barry v. Barchi.* The references to these decisions, however, fail to include any other identifying information—*i.e.*, no reporter references and no dates—and there is not even an indication of the courts that apparently issued them. Therefore, the Court is unable to ascertain whether they stand for the specific proposition that Petitioner is advancing in his motion, *i.e.*, that expedited relief is available in the Delaware Superior Court in the absence of any statutory or rule-based support for such relief.

7. The Motion appears to conflate the absence of a prompt agency hearing with a basis for judicial acceleration, suggesting that the administrative delay by the Commission justifies the Court's intervention. The Superior Court has made clear that mandamus is not a vehicle for prohibitory or preliminary relief; it is an extraordinary remedy available only where a petitioner shows a clear legal right to compel the performance of a ministerial act, and where no other remedy is available.[10] Here, Petitioner's argument appears to seek a stay of enforcement and interim equitable relief, a form of judicial action outside the traditional scope of mandamus, which cannot be used to enjoin future conduct.[11]

8. In sum, the Court finds that: (a) the Superior Court Civil Rules contain no provision permitting a motion for expedited proceedings; (b) Rule 25 is inapplicable; (c) the Motion lacks citation to any controlling authority and relies on unsupported assertions; and (d) even if such a mechanism existed, Petitioner has not

---

[10] *See Chambers v. Dep't of Corr.*, 2010 WL 847802, at *1 (Del. Super. Mar. 11, 2010) (citing *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 210–11 (Del. 1975)); *Reylek*, 2022 WL 13785951, at *1.

[11] *See Delawareans for Educ. Opportunity v. Carney*, 2018 WL 4849935, at *7 & n.39 (Del. Ch. Oct. 5, 2018).

met the standard for invoking it. The Motion therefore fails to establish any cognizable ground for expedited consideration.

9.      In addition, the Court finds Petitioner's incomplete and improper citation of authority unacceptable. Specifically, reference to a court rule with no connection to the matter before the Court, use of quotations with no attribution to any source, and mention of apparent case authority without any actual citation to that authority, is at best confusing, and at worst misleading to the Court. Counsel's submission fails to meet the basic standard of advocacy expected before this Court. Unsupported assertions, mischaracterized authorities, and absent citations do not discharge counsel's obligation to present developed, accurate legal arguments.[12] Counsel for Petitioner is strongly cautioned that any future motion practice must contain proper and accurate citation to any referenced authority.

**WHEREFORE**, for the foregoing reasons, Petitioner's motion is summarily **DENIED.**

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls

oc:    Prothonotary
cc:    Counsel of Record

---

[12] *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Catawba Assocs.–Christiana LLC v. Jayaraman*, 2016 WL 5369482, at *2 & n.19 (Del. Super. Sept. 26, 2016) (quoting *Dunkel* and noting "it is not this, or any, Court's job to conduct a factual or substantive inquiry … beyond the information the moving party presents"); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly . . . . We will not manufacture arguments for [a party]").

4