# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC TROTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. K23M-10-013 NEP |
| | ) | |
| DELAWARE DIVISION OF | ) | |
| CHILD SUPPORT SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

Submitted:  January 24, 2025
Decided:  March 13, 2025

## ORDER

*Upon Respondent's Motion For Summary Judgment*

### GRANTED

1.      The Delaware Division of Child Support Services ("Respondent") has moved for summary judgment as to Eric Trott's ("Petitioner's") pending petition for writ of mandamus, contending, in relevant part, that Petitioner's claim is barred by the applicable statute of limitations.  The Court finds that Petitioner's claim is barred by the statute of limitations and therefore **GRANTS** Respondent's motion for summary judgment.

## I.      BACKGROUND[1]

2.      On October 24, 2023, Petitioner filed a writ of mandamus petition with this Court.[2]  The petition was amended as a matter of course on January 4, 2024.[3]

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] D.I. 1.
[3] D.I. 7.  Petitioner filed a proposed second amended petition on February 27, 2024 (D.I. 17), apparently to add Attorney General Kathy Jennings as a respondent, but did not request leave of

In the amended petition (hereinafter the "Petition"), Petitioner alleges that, though Petitioner made child support payments required of him by a January 1993 order of the Superior Court of Fulton County, Georgia, Respondent never disbursed those payments to Delaware resident French Nutter (Petitioner's mother), in whose home Petitioner's child was placed.[4] Petitioner asserts that "[t]he Defendant was negligent in their [sic] handling of the child support payments and caused the Petitioner, French Nutter, and the child financial and emotional hardships."[5] Petitioner therefore "requests the Court to grant and issue a peremptory Writ of Mandamus to Respondents compelling and commanding the Defendant to disburse the accumulated child support with interest, and to enter the Order awarding damages to the Petitioner and all other proper relief."[6]

3. Petitioner attached to the Petition, among other documents, an April 6, 2006, letter from the Georgia Department of Human Resources Office of Child Support Enforcement indicating that, although child support payments had previously been withheld from Petitioner's income, he was released from those obligations.[7] He also attached documentation from the Georgia "STARS" child support enforcement database detailing payments from January 30, 1995, to March 31, 2006.[8]

---

the Court to do so as required by Superior Court Civil Rule 15(a). Accordingly, this Court deems Petitioner's first amended petition the operative petition for purposes of this action. As the only substantive change was the attempted addition of the Attorney General as a respondent, this has no effect upon the Court's decision on this motion.

[4] Am. Pet. for Writ of Mandamus at ¶¶ 3–5 (D.I. 7).

[5] Id. at ¶ 6.

[6] Id. at ¶ 7.

[7] Id. at Ex. A 18. Although the pages in this exhibit were not numbered by Petitioner, reference is to the 18th page of the exhibit (not including the exhibit's cover page).

[8] Id. at Ex. B.

4. On April 15, 2024, Respondent moved to dismiss the Petition.[9] The Court held oral argument on the motion on May 3, 2024. Following oral argument, the Court denied the motion to dismiss.[10]

5. Per the Court's Scheduling Order, discovery in this case closed on December 6, 2024.[11]

6. On January 14, 2025, Respondent filed a motion for summary judgment.[12] Respondent's motion argues that Petitioner's claim is barred by the applicable statute of limitations and that Petitioner has failed to establish the requisite elements for a writ of mandamus.[13] Respondent attached an interrogatory response in which Petitioner stated that he first discovered that payments were not disbursed to French Nutter on December 25, 2019.[14]

7. Petitioner filed a response to Respondent's motion on January 24, 2025.[15] Although Petitioner provided additional documentation and arguments, none were relevant to Respondent's defense that Petitioner's claim is time-barred.[16] Petitioner did note, however, that the Delaware Family Court had informed him that all of their relevant records prior to 2013 had been deleted.[17]

---

[9] D.I. 26.

[10] D.I. 34, 36.

[11] D.I. 42.

[12] D.I. 52.

[13] Resp't's Mot. for Summ. J. at 5–7 (D.I. 52).

[14] *Id.* at Ex. A.

[15] D.I. 54.

[16] Petitioner's response did include some details of earlier proceedings in the Delaware Family Court, but Respondent was not a named party to those proceedings. The Family Court proceedings thus have no bearing on the timeliness of the instant Petition.

[17] Pet'r's Resp. to Resp't's Mot. for Summ. J. 15 ¶ 1(a) (D.I. 54). Again, because Petitioner failed to number the pages of his response, the number "15" represents the page number of the docket item filing.

## II.    STANDARD OF REVIEW

**8.**    On summary judgment, the moving party—here, Respondent—must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.[18]  In this procedural posture, the Court must consider the facts in the light most favorable to the non-moving party—Petitioner—and draw all reasonable inferences in his favor.[19]  When a petitioner seeks a writ of mandamus, the summary judgment analysis "must take into account the unique standards applicable to a mandamus."[20]

9.    A writ of mandamus, as sought by Petitioner, is an "exceptional remedy that is not available as a matter of right, but rather, is issued only according to the 'sound judicial discretion' of the court in which mandamus is sought."[21]  A writ of mandamus is issued to compel "a lower court, agency, or public official to perform a duty 'to which the petitioner has established a clear legal right.'"[22]  Before the Court may issue such a writ, a petitioner must demonstrate that (i) he has a clear right to the performance of the duty; (ii) no other adequate remedy is available; and (iii) the agency has arbitrarily failed or refused to perform its duty.[23]  Accordingly, writs may not be issued to compel discretionary (as opposed to ministerial) acts.[24]

---

[18] *Israel v. Coupe*, 2014 WL 7740426, at *1 (Del. Super. Nov. 25, 2014) (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).

[19] *Lyondell Chem. Co. v. Ryan*, 970 A.2d 235, 241 (Del. 2009) (citation omitted); *accord GMC Ins. Agency v. Edelstein*, 328 A.3d 302, 309 (Del. 2024).

[20] *Israel*, 2014 WL 7740426, at *1 (quoting *Mell v. New Castle Cnty.*, 835 A.2d 141, 145 (Del. Super. 2003)).

[21] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015) (citations omitted).

[22] *Id.* (quoting *Clough v. State*, 686 A.2d 158, 159 (Del. 1996)).

[23] *King v. State*, 108 A.3d 1225, 2015 WL 317128, at *1 (Del. Jan. 23, 2015) (ORDER) (citing *In re Bordley*, 545 A.2d 619, 620 (Del. 1988)).

[24] *Id.* (citing *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 211 (Del. 1975)); *Brittingham*, 113 A.3d at 524 (citing *Guy v. Greenhouse*, 637 A.2d 827, 1993 WL 557938, at *1 (Del. Dec. 30, 1993) (ORDER)).

## III.   ANALYSIS

10.   The Court need not delve into the merits of Petitioner's mandamus claim because the Petition is barred by the applicable statute of limitations.

11.   Satisfying the applicable statute of limitations is a "jurisdictional prerequisite[] for initiating or maintaining a suit."[25]  Nearly all actions in Delaware are governed by either the two-year statute of limitations for personal injuries or the three-year statute applicable to most other sorts of injuries.[26]  Relevant here, under 10 *Del. C.* § 8106, a cause of action based on a statute is subject to a three-year statute of limitations.[27]

12.   When a petition for writ of mandamus rests on an alleged statutory duty, the three-year statute of limitations applies.  Persuasive in this regard is this Court's recent decision in *Giles v. Town of Elsmere*.[28]  In *Giles*, Elsmere's police chief sought a writ of mandamus to allow her to participate in the state pension plan and to make her admission thereto retroactive.[29]  The chief alleged that the town charter created a non-discretionary duty to allow her entry into the plan.[30]  The Court dismissed the chief's petition, finding that the three-year statute of limitations for statutory claims applied and that the statute of limitations had expired.[31]

13.   Although Petitioner does not specify what ministerial duty Respondent allegedly failed to perform, the Court concludes that his petition, as in *Giles*, is based on a statute, and that the three-year statute of limitations therefore applies.[32]  When

---

[25] *ISN Software Corp. v. Richards, Layton & Finger, P.A.*, 226 A.3d 727, 731 (Del. 2020) (quoting *Scharf v. Edgcomb Corp.*, 864 A.2d 909, 920 (Del. 2004)).

[26] *Anderson v. Anderson-Harrison*, 2013 WL 4492797, at *3 (Del. Super. Aug. 15, 2013).

[27] *Giles v. Town of Elsmere*, 2023 WL 6323758, at *5 (Del. Super. Sept. 27, 2023).

[28] *See generally id.*

[29] *Id.* at *1.

[30] *Id.* at *5.

[31] *Id.*

[32] The Court is cognizant that Delaware does not impose a statute of limitations as to judgments or actions on judgments, and that there is, therefore no statute of limitations on claims to enforce judgments for child support arrears. *See In re Est. of Farren*, 131 A.3d 817, 834 (Del. Ch. Jan. 19,

5

a plaintiff is not clear in his theory of recovery, the Court looks to the injury claimed in order to determine what statute of limitations is applicable.[33] A writ of mandamus must, by definition, seek to compel performance of a duty created by law.[34] Petitioner's theory of injury is that Respondent breached a legal duty, and that he was harmed by that breach. While Petitioner does not cite a specific legal authority creating a duty, Petitioner argues that he suffered injury because Respondent failed to pay out funds withheld from his paycheck in connection with his child support obligations. 13 *Del. C.* § 513(b)(12) designates Respondent as the state income withholding agency and provides that it "shall distribute all amounts received promptly in accordance with § 457 of the Social Security Act (42 U.S.C. § 657)[.]" In essence, Petitioner alleges that Defendant failed to perform this function, and that such failure entitles him to a writ of mandamus. In other words, his petition is based on a statute. Thus, the three-year statute of limitations applies.[35]

14.     Given that a three-year statute of limitations applies, Petitioner's filing was untimely. "The statute of limitations begins to run when the Plaintiff's claim accrues, at the moment of the wrongful act, or breach."[36] In the analogous area of pension payments, a plaintiff's claim arises and the statute of limitations begins to

---

2016) (citing *B.K. v. A.M.K.*, 2010 WL 1444637, at *2 (Del. Fam. Feb. 19, 2010); *T.A.G. v. E.R.G.*, 2008 WL 4698526, at *3 (Del. Fam. Oct. 6, 2006)). This line of precedent has no bearing on this case. Petitioner is not seeking to enforce a judgment. A claim to enforce the prior judgment in this case would instead be a suit against Petitioner, against whom the only relevant judgment was entered.

[33] *Anderson*, 2013 WL 4492797, at *3 (citing *Cole v. Delaware League for Planned Parenthood, Inc.*, 530 A.2d 1119, 1123 (Del. 1987); *Devincentis v. Eur. Performance, Inc.*, 2012 WL 1646347, at *3 (Del. Super. Apr. 17, 2012)).

[34] *Israel*, 2014 WL 7740426, at *2 ("[T]he appropriate functions of [the writ] are the enforcement of duties, imposed by law, by officers and others who neglect or refuse to perform their duty." (quoting *Mell*, 835 A.2d at 145)).

[35] 10 *Del. C.* § 8106(a).

[36] *Alonso v. Maldonado*, 2015 WL 7068206, at *2 (Del. Super. Nov. 12, 2015) (citing *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *6 (Del. Super. Feb. 15, 2013)).

run for each given installment payment when that payment is due.[37] Similarly, Petitioner's claim accrued, and the statute began to run (at the latest) when Respondent allegedly failed to promptly distribute Petitioner's last child support payment to French Nutter. Petitioner's last child support payment was withheld on March 31, 2006.[38] Since any "prompt" distribution of those funds would have been relatively soon thereafter, Petitioner's October 24, 2023, filing was well over a decade late.

15.     Petitioner has not asserted that the statute of limitations was tolled, and the facts of this case provide no basis to conclude that it was. Delaware courts recognize three major doctrines that justify tolling the statute of limitations: (1) the discovery rule, frequently referenced by the shorthand "inherently unknowable injury"; (2) fraudulent concealment; and (3) equitable tolling.[39] "To invoke any of these tolling doctrines, 'the facts underlying a claim [must be] so hidden that a reasonable plaintiff could not timely discover them.'"[40] None of these doctrines excuses Petitioner's late filing.

16.     The discovery rule is inapplicable to this case. "Under the 'discovery rule' the statute of limitations is tolled when the injury is 'inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of.'"[41] An injury is inherently unknowable when "the discovery of the existence of the cause of action is a practical impossibility" because there are "no

---

[37] *Williams v. Levine*, 1977 WL 185713, at *1 (Del. Super. Feb. 22, 1977).

[38] Am. Pet. for Writ of Mandamus Ex. B (D.I. 7).

[39] *West v. Patterson-Schwartz & Assocs., Inc.*, 2024 WL 2106540, at *3 (citing *Krahmer v. Christie's Inc.*, 911 A.2d 399, 407 (Del. Ch. 2006)).

[40] *Jacam Chem. Co. 2013, LLC v. Jacam Chem. Co. Inc.*, 2024 WL 960180, at *8 (Del. Ch. Mar. 1, 2014) (quoting *Krahmer*, 903 A.2d at 778) (alteration in original).

[41] *ISN Software Corp.*, 226 A.3d at 733 (quoting *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004)); *accord Lehman Brothers Holdings, Inc. v. Kee*, 268 A.3d 178, 194 (Del. 2021) (quoting *Coleman v. Pricewaterhousecoopers, LLC*, 854 A.2d 838, 842 (Del. 2004)).

observable or objective factors to put a party on notice of an injury[.]"[42]  By this standard, non-distribution of child support is scarcely unknowable—a simple call to Petitioner's mother to inquire whether she had received the payments would have suffed to discover it.  Petitioner has provided some evidence that the Family Court was unable to locate Petitioner's mother around August 2003,[43] but Petitioner has never asserted or provided evidence to suggest that *he* could not do so, either at that time or for the approximately two years and eight months that his income continued to be withheld thereafter.

17.    Even if Petitioner could not locate his mother, this did not render the question of whether she received the funds "unknowable."  An inquiry to the Delaware Division of Child Support Enforcement would likely have allowed him to check the status of the funds.  Moreover, if neither Petitioner nor the state could locate his mother, this would have been sufficient to put him on inquiry notice that the state might not be disbursing funds to her.  The discovery rule does not toll the statute of limitations after the plaintiff "discovers . . . 'the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of'" the facts constituting the basis of the cause of action.[44]  In other words, Petitioner was on inquiry notice when "he gain[ed]

---

[42] *Saunders v. Lightwave Logic, Inc.*, 2024 WL 4512227, at *7 (Del. Super. Oct. 17, 2024) (internal citations and quotations omitted).

[43] Pet'r's Resp. to Resp't's Mot. for Summ. J. 5, ¶ 3 (D.I. 54).  The number "5" represents page 5 of the docket item filing.

[44] *Kee*, 268 A.3d at 186 (quoting *Wal-Mart*, 860 A.2d at 319); *accord Ontario Provincial Council of Carpenters' Pension Tr. Fund v. Walton*, 294 A.3d 65, 96 (Del. Ch. 2023) (noting that "inquiry notice does not require full knowledge of the material facts" (quoting *Pomeranz v. Museum Partners, L.P.*, 2005 WL 217039, at *3 (Del. Ch. Jan. 24, 2005))); *see also Gen-E, LLC v. Lotus Innovations, LLC*, 2022 WL 2063307, at *3 (Del. Super. Apr. 21, 2022) ("Plaintiffs are under an obligation to act with reasonable diligence.  '[O]nce a plaintiff's suspicions are triggered, [the plaintiff] is expected to act with alacrity to explore those suspicions.'" (quoting *Ocimum Biosolutions (India) Ltd. v. AstraZeneca UK Ltd.*, 2019 WL 6726836, at *10 (Del. Super. Dec. 4, 2019) (some alterations in original))).

possession of facts sufficient to make him suspicious, or that ought to [have] ma[de] him suspicious"[45] that the funds were not distributed.

18.    Even if Petitioner were never on inquiry notice, the discovery rule would not have tolled the statute of limitations sufficiently to allow his current Petition. According to Petitioner, he had actual notice, on December 25, 2019, that the funds were not distributed.[46]  Since Petitioner did not file the Petition until October 24, 2023,[47] this fact alone places his filing well outside the statute of limitations. Thus, the discovery rule does not save Petitioner's claims.

19.    In general, if the discovery rule is inapplicable, "[i]gnorance of the cause of action will not toll the statute[ ] absent concealment or fraud."[48]  Although Petitioner professes ignorance until late 2019, Petitioner has failed to allege fraudulent concealment. Fraudulent concealment "requires an affirmative act of concealment by a defendant—an 'actual artifice' that prevents a plaintiff from gaining knowledge of the facts or some misrepresentation that is intended to put a plaintiff off the trail of inquiry."[49]  Petitioner has never suggested that Respondent took any such affirmative act. Since an affirmative act is required, Petitioner cannot claim that Respondent was obligated to notify him that his payments were not

---

[45] *Walton*, 294 A.3d at 96 (quoting *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 363845, at *7 (Del. Ch. Jan. 27, 2010). When a plaintiff has actual notice, the discovery rule no longer tolls the statute of limitations. *West*, 2024 WL 2106540, at *3. Actual notice arises when the plaintiff "discovers the facts constituting the basis of the cause of action." *Id.* (quoting *Kee*, 268 A.3d at 186) (cleaned up).
[46] Resp't's Mot. for Summ. J. Ex. A (D.I. 52).
[47] D.I. 1.
[48] *ISN Software Corp.*, 226 A.3d at 733 & n.25 (quoting *Coleman*, 854 A.2d at 842) (alterations in original) (also recognizing the existence of other exceptions, such as infancy and incapacity).
[49] *AssuredPartners of Virginia, LLC v. Sheehan*, 2020 WL 2789706, at *17 (Del. Super. May 29, 2020) (quoting *Ryan v. Gifford*, 918 A.2d 34, 360 (Del. Ch. 2007)); *accord Van Lake*, 2013 WL 1087583, at *9–10; *see also Lebanon Cnty. Emp.'s Ret. Fund v. Collis*, 287 A.3d 1160, 1215–16 (Del. Ch. 2022) (also noting the requirement that a plaintiff provide "facts supporting an inference of *scienter* such that the defendant 'had actual knowledge of the wrong done[.]'" (quoting *Ewing v. Beck*, 520 A.2d 653, 667 (Del. 1987))).

distributed and that failure to do so constituted concealment. "Mere silence is insufficient to establish fraudulent concealment."[50]

20. Nor can equitable tolling save Petitioner's claim. "Equitable tolling 'applies when a plaintiff reasonably relies on the competence and good faith of a fiduciary.'"[51] If equitable tolling were appropriate under these circumstances—a conclusion the Court does not reach—the statute of limitations would only be tolled until Petitioner was put on inquiry notice.[52] As noted previously, Petitioner was on inquiry notice in 2003 and, at the latest, received actual notice in 2019. Thus, even if the statute of limitations were tolled on this basis, Petitioner's filing would nonetheless be untimely.

21. To the extent that Petitioner's assertion that he suffered financial and emotional hardship raises a cognizable personal injury claim, Petitioner's claim is governed by the shorter two-year statute of limitations.[53] This deadline has passed for the same reason that the three-year statute of limitations applicable to the mandamus claim has lapsed.

22. Although the result in this case may seem harsh to Petitioner, it is mandated by the limits of this Court's jurisdiction. Statutes of limitations in particular "are, by their nature, harsh[.]"[54] They are, however, imposed by the General Assembly to limit the power of the courts to entertain claims filed after the stated time periods, and must therefore be strictly construed.[55] A case like this one,

---

[50] *Sheehan*, 2020 WL 2789706, at *17 (quoting *Krahmer*, 911 A.2d at 407).
[51] *Van Lake*, 2013 WL 1087583, at *1 (quoting *Sunrise Ventures*, 2010 WL 363845, at *6).
[52] *Id.* (quoting *In re Am. Intern. Grp., Inc.*, 965 A.2d 763, 812 (Del. Ch. 2009)); *Walton*, 294 A.3d at 96.
[53] *See* 10 *Del. C.* § 8119 (setting a two-year statute of limitations for personal injuries); *McCann-Cross v. Dover EMS*, 2025 WL 447727, at *3 (Del. Super. Feb. 10, 2025) (holding that negligent infliction of emotional distress is subject to the statute of limitations governing personal injuries) (citations omitted).
[54] *ISN Software Corp.*, 226 A.3d at 731–32 (citation and quotation omitted).
[55] *McCann-Cross*, 2025 WL 447727, at *2 & n.9 (citation and quotation omitted).

involving records that are in some instances more than two decades old, and at least some of which have apparently been destroyed in the interim, demonstrates the wisdom of that policy.

      **WHEREFORE**, the Delaware Division of Child Support Services' motion for summary judgment is **GRANTED**.

      All future deadlines and court events specified in the Scheduling Order, including the pretrial stipulation deadline, pretrial conference, trial calendar conference, and trial, are hereby canceled. Petitioner and Respondent's counsel should contact any witnesses subpoenaed for the trial and inform them that they are released from their obligation to appear.

      **IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress* and *U.S. Mail*
oc:    Prothonotary
cc:    Eric Trott, *Pro Se* (Address of Record: 2894 Rambling Way, Lithonia, GA 30058)
       Counsel of Record